DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CHARLES RICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00022 |
| | ) |
| WITT O'BRIEN'S, LLC; LEVETATED CAREERS, INC.; and PRIME UNIVERSAL GROUP, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**BEFORE THE COURT** is Charles Rich's motion to remand this matter to the Superior Court of the Virgin Islands. (ECF No. 6.) For the reasons outlined below, the Court will deny that motion.

### I. FACTUAL AND PROCEDURAL HISTORY

The Court finds the following facts for purposes of the motion for remand. In September 2017, Hurricanes Irma and Maria hit the U.S. Virgin Islands, damaging and destroying thousands of homes. In response to the disaster, the U.S. Virgin Islands Housing Financial Authority ("VIHFA") instituted a program funded by the Federal Emergency Management Agency ("FEMA") to aid in recovery efforts.

FEMA hired Witt O'Brien's, LLC, ("WOB"), as the lead recovery consultant and program manager for the recovery efforts. WOB is a Delaware limited liability company. *See* Decl. of William C. (Bill) Long at ¶ 4, ECF 15-2. WOB has two members: ORM Holdings Inc. and ORM Holdings II LLC. *Id.* at ¶ 5. ORM Holdings Inc. is a Delaware corporation with its principal place of business in Fort Lauderdale, Florida. *Id.* ORM Holdings II, LLC, is a Delaware limited liability company. *Id.*

As part of the recovery efforts, VIHFA contracted with Prime Universal Group ("Prime") to provide quality assurance inspectors. Such quality assurance inspectors conducted assessments and inspections of the construction work involved in the recovery.

Prime is a Texas limited liability company. Prime has two members: Daniel Hintz ("Hintz") and Gabriel Hilario ("Hilario").

Prime recruited and hired quality assurance inspectors with the assistance of Levetated Careers Inc. ("Levetated"). Levetated is an Alabama corporation engaged in the business of providing employees and staffing to its customers, including Prime.

In November 2018, Prime hired Charles Rich ("Rich") as a quality assurance inspector to work in the U.S. Virgin Islands. Rich is a resident of St. Croix, U.S. Virgin Islands.

During the course of Rich's employ, an incident occurred. After that incident, Prime terminated Rich from his position as a quality assurance inspector. Thereafter, in March 2019, Rich filed a complaint against WOB, Prime, and Levetated in the Superior Court of the Virgin Islands. The complaint alleges various contract and tort claims based on the circumstances surrounding Rich's termination.[1]

On April 12, 2019, a process server purportedly served WOB. *See* Aff. of Service, ECF No. 6-1. The affidavit of service asserts that a copy of the summons and complaint was delivered to Cheryl Joiner ("Joiner") at WOB's office in Houston, Texas. *See id.* On April 12, 2019, Joiner was in Loranger, Louisiana, not Houston, Texas. *Id.* at ¶¶ 7-8. Joiner is the Director of Contracts and Compliance for WOB. *See* Decl. of Cheryl Detillieu Joiner at ¶ 3, ECF No. 15-1. Joiner is not an officer of WOB. *Id.* at ¶ 5. Additionally, Joiner is not authorized to accept service of legal process for WOB. *Id.*

On April 15, 2019, the receptionist on duty at WOB's Houston, Texas office advised Joiner that documents directed to her attention were at the reception desk. *Id.* at ¶ 9. Upon viewing the documents—the summons and complaint in this matter—Joiner emailed the documents to WOB's general counsel. *Id.* at ¶¶ 12-13.

On May 15, 2019, WOB entered its appearance in the Superior Court of the Virgin Islands. On the same date, WOB filed a notice of removal in this Court. (ECF No. 1.) In its notice of removal, WOB asserts that this Court has diversity jurisdiction over this action. *See* Notice of Removal at 2-4, ECF No. 1.

---

[1] On June 17, 2019, Rich filed an amended complaint in this Court. (ECF No. 17.) The first amended complaint is the operative complaint in this matter.

On May 24, 2019, Rich filed a motion to remand this matter to the Superior Court of the Virgin Islands. (ECF No. 6.) In his motion, Rich argues that the Court must remand this matter because the removal of this matter was untimely. Rich also argues that the Court must remand this matter for lack of subject matter jurisdiction because WOB has not established complete diversity of the parties.

On June 14, 2019, WOB filed an opposition to Rich's motion to remand. (ECF No. 15.) In its opposition, WOB argues that removal was timely because WOB was never properly served. WOB also argues that complete diversity of the parties exists. In support of its opposition, WOB attached the affidavits of Joiner and William Long—the Executive Vice President, Chief Legal Officer, and Corporate Secretary of WOB's parent company. *See* Decl. of Cheryl Detillieu Joiner, ECF No. 15-1; Decl. of William C. (Bill) Long, ECF No. 15-2.

On March 26, 2021, the Court held a hearing on the motion to remand. At that hearing, the Court received evidence from the parties. The parties also requested, and the Court granted, additional time to conduct jurisdictional discovery. A continuation of the March 26, 2021 hearing was held on July 8, 2021, during which the parties presented additional evidence.

## II. DISCUSSION

An action may be removed to federal district court if the district court has original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). Significantly, a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); *see also Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service"). Further, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

*Rich v. Witt O'Brien's, LLC, et al.*
Case No. 1:19-cv-00022
Memorandum Opinion
Page 4 of 9

"Federal removal statutes 'are to be strictly construed against removal and all doubts are to be resolved in favor of remand.'" *Fuerzeig v. Innovative Commc'n Corp.*, 174 F. Supp. 2d 349, 353 (D.V.I. 2001) (quoting *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). The parties asserting diversity jurisdiction bear the burden of proving diversity of citizenship by a preponderance of the evidence. *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017). Diversity must exist both at the time the state court complaint was filed and at the time of removal. *Id.* at 150-151. "[N]o changes in citizenship after the time of filing (and, as relevant here, the time of removal) can create or destroy diversity." *Id.* at 151 (citing *Grupo Dataflux*, 541 U.S. at 574-75; *Conolly v. Taylor*, 27 U.S. (2 Pet.) 556, 565, 7 L. Ed. 518 (1829)). "Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *Id.* (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).

### III. ANALYSIS

#### A. Timeliness of Removal

Rich argues that WOB's removal of this matter was untimely pursuant to 28 U.S.C. § 1446(b). As such, Rich argues that the Court must remand this matter to the Superior Court of the Virgin Islands.

Significantly, the 30-day time limit to remove a case does not begin to run until the defendant is formally served with process. *See Murphy Bros.*, 526 U.S. at 347-48. Further, "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993).

In the Virgin Islands, service of process must comply with Virgin Islands Rule of Civil Procedure 4 ("Rule 4"). Rule 4 provides in pertinent part that

> (f) . . . [w]here 5 V.I.C. § 4903 or other applicable law provides for the assertion of personal jurisdiction over a person located outside the Virgin Islands, the provisions and procedures of Title 5 V.I.C. Chapter 503 shall be followed including, but not limited to, the procedures for service and the filing of proof of service set forth in 5 V.I.C. § 4911.
>
> . . .

>> (h) . . . Unless law of the Virgin Islands provides otherwise or the defendant waives service,
>
> . . .
>
>> (2) a domestic or foreign limited liability company, may be served:
>>
>>> (A) in the Virgin Islands:
>>>
>>> . . .
>>>
>>>> (ii) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent; or
>>>>
>>>> (iii) by delivering a copy of the summons and of the complaint to any other agent authorized by appointment or by law to receive service of process and -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of the summons and complaint to the defendant; or
>>>
>>> (B) at a place not within the Virgin Islands, in any manner prescribed by Rule 4(f) for serving an individual.

V.I. R. Civ. P. 4. Section 4911 of Title 5 of the Virgin Islands Code provides in pertinent part that

> (a) [w]hen the law of this territory authorizes service outside this territory, the service, when reasonably calculated to give actual notice, may be made:
>
>> (1) by personal delivery in the manner prescribed for service within this territory;
>>
>> (2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction;

5 V.I.C. § 4911.

Here, Rich asserts that WOB was served on April 12, 2019, in Houston, Texas. As such, Rich must prove that the purported service of WOB was valid under either Virgin Islands law or Texas law.

In Texas, a party must serve a defendant by personal service or registered or certified mail, return receipt requested. *See* Tex. R. Civ. P. 106. "A corporation is not a person capable of accepting process on its own behalf, and it therefore must be served through an agent." *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App. 2013). A limited liability company's agent for service of process includes its manager, if a manager-managed domestic or foreign limited liability company; each member, if a member-managed domestic

or foreign limited liability company; and its registered agent. Tex. Bus. Orgs. Code Ann. §§ 5.201(a)(1), (b)(1), 5.255(1).

Significantly, Rich does not offer any evidence that Joiner is an officer or agent of WOB authorized to accept service under Virgin Islands or Texas law. Indeed, at the July 8, 2019 hearing, Rich conceded that he was unable to discover any evidence contrary to Joiner's averments. As such, the Court must conclude that the April 12, 2019 purported service of WOB was invalid. Moreover, Rich does not present any evidence that WOB was ever validly served in this matter. As such, the 30-day time limit for WOB to remove this case did not begin to run until WOB entered its appearance in the Superior Court of the Virgin Islands on May 15, 2019, the same day that WOB removed this matter to this Court. *See* 5 V.I.C. § 115 ("A voluntary appearance of the defendant shall be equivalent to personal service of the summons upon him."). Because WOB removed this matter on the same day that it was served, the Court concludes that WOB's removal of this matter was timely.

### B. Complete Diversity between the Parties

Rich's motion to remand asserts that this Court lacks subject-matter jurisdiction over this matter. WOB contends that this action falls within the Court's diversity jurisdiction.

The diversity statute, 28 U.S.C. § 1332, provides, in pertinent part, that:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
>> (1) citizens of different States;
>>
>> . . .
>
> . . .
>
> (c) For the purposes of this section and section 1441 of this title—
>
>> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .

28 U.S.C. § 1332(a). Diversity jurisdiction "requir[es] 'complete diversity between all plaintiffs and all defendants' ...." *Lincoln Ben. Life Co. v. AEI Life*, LLC, 800 F.3d 99, 101 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). "This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as

*Rich v. Witt O'Brien's, LLC, et al.*
Case No. 1:19-cv-00022
Memorandum Opinion
Page 7 of 9

any defendant.'" *Id.* (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

With respect to the citizenship of corporations, "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). "It is the place that Courts of Appeals have called the corporation's 'nerve center.'" *Id.* at 93. "[I]n practice [the principal place of business] should normally be the place where the corporation maintains its headquarters--provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.*

"[A] limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420. "Partnerships and other unincorporated associations . . . are not considered 'citizens' as that term is used in the diversity statute." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187–92 (1990)). When determining the citizenship of unincorporated associations, "courts . . . look to the citizenship of all the . . . members of . . . [the] unincorporated association[] to determine whether the federal district court has diversity jurisdiction." *Id.* "[T]he complete diversity requirement demands that all [members] be diverse from all parties on the opposing side." *Swiger*, 540 F.3d at 183. Significantly, "where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420.

Here, Rich alleges that he is a citizen of the U.S. Virgin Islands. As such, for complete diversity to exist, none of the defendants may be citizens of the U.S. Virgin Islands.

To determine the citizenship of WOB, the Court must determine the citizenship of its two members, ORM Holdings Inc. and ORM Holdings II LLC.

*Rich v. Witt O'Brien's, LLC, et al.*
Case No. 1:19-cv-00022
Memorandum Opinion
Page 8 of 9

As to ORM Holdings Inc., WOB submitted an affidavit of William Long ("Long"). *See* Decl. of William C. (Bill) Long, ECF No. 15-2. Long avers that he is the Executive Vice President, Chief Legal Officer, and Corporate Secretary of WOB's parent company. *Id.* at ¶ 3. Additionally, Long avers that ORM Holdings Inc. is a Delaware Corporation with its principal place of business in Fort Lauderdale, Florida. *Id.* WOB also offered the testimony of Joiner at the March 26, 2021 hearing. Joiner testified that ORM Holdings Inc. is a Delaware Corporation with its principal place of business in Fort Lauderdale, Florida. Joiner further testified that the officers and directors of ORM Holdings Inc.—including the Chief Financial Officer and Chief Legal Officer—are located in the Fort Lauderdale office and make corporate decisions from that location. Given this evidence, the Court finds that ORM Holdings Inc. was a citizen of Delaware and Florida both at the time the local court complaint was filed and at the time of removal.

As to ORM Holdings II LLC, Joiner testified at the March 26, 2021 hearing that ORM Holdings II LLC's sole member is ORM Holdings Inc. Given this evidence, the Court finds that ORM Holdings II LLC was a citizen of Delaware and Florida both at the time the local court complaint was filed and at the time of removal. As such, the Court concludes that WOB was a citizen of Delaware and Florida both at the time the local court complaint was filed and at the time of removal.

To determine the citizenship of Levetated, the Court must determine its state of incorporation and the location of its principal place of business. At the March 26, 2021 hearing, WOB offered the testimony of Jason Embry, the General Operations Manager for Levetated. As the custodian of records relating to the structure and formation of Levetated, Embry testified that Levetated is incorporated in Mobile, Alabama. Embry also testified that Levetated's headquarters—out of which all operations flow and where the officers are located—are in Mobile, Alabama. WOB also offered Levetated's Certificate of Formation, an amendment to the Certificate of Formation, and records from the Alabama Secretary of State. These documents reflect that Levetated is incorporated with a principal address in Mobile, Alabama. Given this evidence, the Court concludes that Levetated was a citizen of Alabama both at the time the local court complaint was filed and at the time of removal.

To determine the citizenship of Prime, the Court must determine the citizenship of its two members, Hintz and Hilario. At the July 8, 2021 hearing, WOB offered the deposition testimony of Prime, Hintz, and Hilario. *See* Dep. on Written Questions of: Prime, ECF No. 50-1; Dep. on Written Questions of: Daniel Hintz, ECF No. 50-2; Dep. on Written Questions of: Gabriel Hilario, ECF No. 50-3. That testimony reveals that Prime's only members are Hintz and Hilario. *See* Dep. on Written Questions of: Prime at 4:24-5:1, 7:5-7, 7:12, ECF No. 50-1. The testimony further reveals that in March and May of 2019, Hintz and Hilario each resided in, and considered to be their permanent home, Texas and/or Wisconsin. *Id.* at 5:10-12, 7:5-7; Dep. on Written Questions of: Daniel Hintz at 4:21-22, 5:15-16, 5:23, 6:4-5, ECF No. 50-2; Dep. on Written Questions of: Gabriel Hilario at 4:21-22, 5:15-16, 5:23, 6:4, ECF No. 50-3. Given this evidence, the Court finds that Hintz and Hilario were citizens of Texas and/or Wisconsin both at the time the local court complaint was filed and at the time of removal. Thus, the Court concludes that Prime was a citizen of Texas and/or Wisconsin both at the time the local court complaint was filed and at the time of removal.

Given that none of the Defendants were citizens of the U.S. Virgin Islands at the time the local court complaint was filed or at the time of removal, complete diversity existed at the time the local court complaint was filed or at the time of removal and removal was proper.

### IV. CONCLUSION

For the reasons outlined above, the Court finds that that WOB's removal of this matter was timely pursuant to 28 U.S.C. § 1446(b). Additionally, the Court finds that the requirement of complete diversity has been satisfied. Thus, the Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).[2]

An appropriate Order follows.

**Dated:** July 20, 2021    /s/ *Robert A. Molloy*
    **ROBERT A. MOLLOY**
    **Chief Judge**

---

[2] No party disputes that the amended complaint satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).