**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **CHARLES RICH,** | |
| **Plaintiff,** | 1:19-cv-00022-RAM-GWC |
| v. | |
| **WITT O'BRIEN'S, LLC, LEVETATED CAREERS, INC., and PRIME UNIVERSAL GROUP, LLC,** | |
| **Defendants.** | |

**TO:** Lee J. Rohn, Esq.
Jennifer Quildon Brooks, Esq.

## ORDER DENYING MOTION TO QUASH

THIS MATTER is before the Court upon Defendant Prime Universal, LLC's (Prime) Motion to Quash Invalid and Stale Service of Process and Dismiss (ECF No. 45). Plaintiff filed a response in opposition (ECF No. 49) and Defendant filed a reply (ECF No. 52).

Defendant Prime asserts that the service of process upon it should be quashed and the action against it dismissed because Plaintiff did not serve defendant Prime within 120 days of filing his Complaint pursuant to Fed. R. Civ. P. 4(m) and Rules 12(b)(4), (5), and (6).[1] Mot. at 1. Defendant Prime was untimely[2] served on June 25, 2020 (ECF No. 29).[3,4]

---

[1] Defendant cites the Rule but does not argue that Plaintiff has failed to state a claim against it under Fed. R. Civ. P. 12(b)(6).

[2] Service was untimely whether measuring time from Plaintiff's filing of his Complaint in the Superior Court on March 29, 2019, removal to the District Court on May 15, 2019 (ECF No. 1), or Plaintiff's filing of his First Amended Complaint on June 17, 2019 (ECF No. 17).

[3] Plaintiff points out that Defendant was served within three days of issuance of summons (ECF No. 27). Opp'n at 5. Plaintiff does not provide any information as to why he filed his Notice of Filing Summons (ECF No. 26) on June 19, 2020, just over a year after Plaintiff filed his First Amended Complaint (ECF No. 17) on June 17, 2019.

[4] Defendant Prime claims to have "only received notice of the subject suit at the end of April 2021." Reply at 3. Defendant does not elaborate as to why it asserts that it did not receive notice until April 2021 when it was

*Rich v. Witt O'Brien's LLC et al.*
1:19-cv-00022-RAM-GWC
Order Denying Motion to Quash
Page 2

Pursuant to Federal Rule of Civil Procedure 6(b)(2), the Court may, for good cause, extend the time on a motion made after the time has expired if the party failed to act because of excusable neglect.[5] Federal Rule of Civil Procedure Rule 4(m) directs the court to extend the time for service for an appropriate period if the plaintiff shows good cause for the failure to serve defendant within 90 days after the complaint was filed. *Id*. Burden of proving good cause for failing to effect timely service is on the party responsible for effecting service; good cause focuses on plaintiff's diligence in attempting service on defendant, and in determining whether there was good cause for delay, the court is required to consider plaintiff's reasonable efforts to effect service. *Bascombe v. Owners' Ass'n of Estate of Questa Verde Townhouses*, 149 F.R.D. 517, 518 (D.V.I. 1992).

If good cause for failure to timely effect service does not exist, the district court retains discretion to either dismiss the case or extend time for service. *Harrison v. Bornn, Bornn & Handy*, 200 F.R.D. 509, 512 (D.V.I. 2001).

Plaintiff argues that he made reasonable efforts to effect service three times in April 2019 before the case was removed to federal court. Opp'n at 2-3. Plaintiff states that counsel was "confused" following removal to this Court as to whether territorial or federal law applied. Opp'n at 4. Plaintiff's counsel's "confusion" over the governing law is not grounds for good cause. Regardless of Plaintiff's confusion over whether the 90-day or 120-day standard held, Plaintiff satisfied neither. Plaintiff argues there is good cause for an

---

served in June 2020.
[5] Plaintiff does not cite Rule 6 or address excusable neglect in his response. *See* ECF No. 49.

*Rich v. Witt O'Brien's LLC et al.*
1:19-cv-00022-RAM-GWC
Order Denying Motion to Quash
Page 3

extension because defendant Prime gave notice to Plaintiff for the first time that service was invalid only after the statute of limitations had expired for four of the five claims raised by Plaintiff against Prime. Opp'n at 7.

Having reviewed the motions filings, the Court finds that Plaintiff has not established good cause. The Court finds that Plaintiff made three reasonable efforts to effect service upon said Defendant while in the Superior Court but has shown no due diligence to further attempt service within the proper timeframe or made any requests for an extension of time to serve defendant Prime when it would have been appropriate to do so. Plaintiff offers no factual content pertaining to why service was delayed after removal and his filing of the First Amended Complaint.

The Court notes that defendant Prime has been—albeit untimely—served and has been on notice of the litigation since June 2020. The case is still in the early stages, such that there would be no prejudice to defendant Prime upon acceptance of the untimely service. Further, the instant motion to quash is filed nearly a year after defendant Prime was served. There is risk of prejudice to Plaintiff if his service upon defendant Prime were to be quashed given the statute of limitations on his claims. Thus, the Court will exercise its discretion to extend the time for service and accept Plaintiff's untimely service of defendant Prime on June 25, 2020.

Accordingly, it is now hereby **ORDERED** that Defendant Prime Universal, LLC's Motion to Quash Invalid and Stale Service of Process and Dismiss (ECF No. 45) is **DENIED**.

*Rich v. Witt O'Brien's LLC et al.*
1:19-cv-00022-RAM-GWC
Order Denying Motion to Quash
Page 4

ENTER:

Dated: October 6, 2021

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE