---

### DISTRICT COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

---

**CHARLES RICH,**

**Plaintiff,**

**v.**

**WITT O'BRIEN'S, USVI, LLC,
LEVETATED CAREERS, INC., and
PRIME UNIVERSAL  GROUP, LLC,**

**Defendants.**

**1:19-cv-00022-RAM-EAH**

---

COUNSEL:     **Lee J. Rohn, Esq.**
                    *On behalf of Plaintiff*
            **Sofia L. Mitchell, Esq.**
            **Adam G. Christian, Esq.**
            **Michael Robert Francisco, Esq.**
                    *On behalf of Defendant Witt O'Brien's, USVI, LLC*
            **Kyle R. Waldner, Esq.**
                    *On behalf of Defendant Levetated Careers, Inc.*
            **Zachary Doniger, Esq.**
            **Chivonne Thomas, Esq.**
            **Jennifer Quildon Brooks, Esq.**
                    *On behalf of Defendant Prime Universal Group, LLC*

### <u>ORDER</u>

**THIS MATTER** comes before the Court on the "Motion for Hearing and Sanctions for Discovery Abuses as to Witt O'Brien's USVI, LLC, Witt O'Brien's, LLC and Its' [sic] Counsel," filed on March 20, 2024 by Plaintiff Charles "Randy" Rich. Dkt. No. 279. Rich asks the Court to sanction Defendant Witt O'Brien's USVI, LLC ("WOB USVI"), former Defendant Witt O'Brien's LLC ("WOB"), and their counsel for improper certification under Rule 26(g) and discovery violations under Rule 37. WOB USVI filed an opposition, Dkt. No. 290, and Rich filed a reply, Dkt. No. 299. For the reasons that follow, the Court will deny the motion.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 2

## BACKGROUND

### I.    General Procedural History

In order to put this motion in context, the Court will summarize the procedural history of this case. In March 2019, Plaintiff Rich filed a complaint in the Superior Court of the Virgin Islands against Defendants WOB, Levetated Careers Inc., and Prime Universal Group, LLC. WOB removed the case to district court in May 2019, and Rich amended his complaint in June 2019. Dkt. No. 17. Rich generally alleged that, in October 2018, he was hired as a Quality Assurance House Inspector after the 2017 hurricanes in the Virgin Islands and moved to St. Croix.[1] *Id.*, ¶¶ 12, 16. At the end of January 2019/early February 2019, Hugh Shows, "an employee of Defendants" was involved in an altercation with Rich and, a couple of days later, Rich was fired. *Id.* ¶¶ 37-38, 42-45, 51. Rich alleged claims of fraudulent and/or negligent misrepresentation; separate counts of tortious interference with contract by WOB and Prime; negligent retention of Shows; and breach of the duty of good faith and fair dealing. *Id.* at 9-12. Rich filed a motion to remand in May 2019, Dkt. No. 6; WOB, Levetated, and Prime filed motions to dismiss. Dkt. Nos. 18, 19, 64. Following jurisdictional discovery, the remand motion was denied in July 2021. Dkt. Nos. 53, 54.

In April 2022, the Court issued an Order setting deadlines for initial discovery and setting an initial conference. Dkt. No. 68. On May 6, 2022, WOB served its Rule 26 initial

---

[1] In response to the hurricanes, the U.S.V.I. Department of Housing [V.I. Housing Finance Authority] instituted the FEMA-funded Sheltering and Temporary Essential Power ("STEP") Emergency Home Repair Program. As part of that program, Prime provided Quality Assurance Inspectors, hired by Levetated on behalf of Prime, including Rich, to work in the U.S. Virgin Islands. Dkt. No. 17 ¶¶ 10-12.

disclosures. Dkt. No. 74. In June 2022, the Court issued a Scheduling Order that, inter alia, set the fact discovery deadline for February 28, 2023 and a trial date for February 26, 2024. Dkt. No. 85. However, Plaintiff served no discovery on Defendants until December 2022. Dkt. Nos. 88-96. WOB served discovery requests on Plaintiff in January 2023. Dkt. Nos. 104, 106. Rich stipulated for an extension of time to respond to WOB's discovery, improperly extending the discovery deadline with that Defendant to March 29, 2023. Dkt. No. 118. In February 2023, the parties stipulated for entry of a confidentiality agreement and protective order. Dkt. Nos. 112, 114. In June 2023, Plaintiff and WOB stipulated to substitute WOB USVI as a party defendant in place of WOB. Dkt. Nos. 139, 140.

In October 2023, the District Judge granted in part and denied in part the motions to dismiss that had been filed by the Defendants. Dkt. Nos. 114, 115. The only cause of action that remained against WOB USVI was negligent retention of Hugh Shows. *Id.* In late November 2023, Plaintiff sought an informal conference with the Court, pursuant to LRCi 37.1(c), to resolve discovery disputes with Levetated. At a December 22, 2023 status conference, the Court stated it would not hold the informal discovery conference that Plaintiff had requested because discovery had concluded long ago, the deadlines had passed without any motion for an extension, and the next deadline in the operative Scheduling Order was a January 5, 2024 date for Plaintiff to deliver to Defendants his part of the Joint Pretrial Statement, with trial scheduled for February 26, 2024. The parties orally requested an extension of the Scheduling Order deadlines; the Court permitted them to file motions for extension of the deadlines, in which they were to explain how their

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 4

actions constituted excusable neglect. Dkt. No. 157. On January 1, 2024, the Court denied the motions to modify the scheduling order, extend the pretrial deadlines, and continue the trial, concluding that the parties had failed to show good cause or excusable neglect in ignoring the Scheduling Order's deadlines and seeking to extend them so late. Dkt. No. 163.

The Defendants filed answers to the complaint, Dkt. Nos. 164, 168, 170, and the Court denied Plaintiff's motion to amend the amended complaint, Dkt. No. 173. On January 25, 2024, Rich filed a renewed motion to extend the pretrial deadlines. Dkt. No. 189. On January 29, 2024, the Court granted that motion in part, concluding that Rich would be prejudiced by not being able to conduct discovery on the affirmative defenses recently set forth by Defendants in their answers. Dkt. No. 192. The Order set a March 22, 2024 deadline for the close of fact discovery, permitting Rich to serve written discovery on WOB USVI (given that prior discovery was on WOB),[2] and on Defendants Prime and Levetated only in relation to the affirmative defenses raised in their answers. *Id*. It warned that no further extensions of the deadlines would be permitted. *Id.*

On March 18, 2024, Rich filed an "Expedited Motion to Compel WOB USVI to Respond to Plaintiff's Second Set of Demand for Production of Documents," in which he stated that he had asked WOB USVI to provide its outstanding discovery responses in seven days (March 20) but that was a mistake and Rich wanted WOB USVI to respond on March 18th. Dkt. No. 274. The Court denied the motion in short order, stating that it was

---

[2] WOB USVI stated that it would adopt the written discovery previously sent by WOB as its own. Dkt. No. 161 at 4.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 5

procedurally and substantively infirm, as Plaintiff did not comply with LRCI 37.1 and he was not seeking to compel a response, but to compel a quicker response. Dkt. No. 275.

On March 22, 2024, Rich filed a "Motion for Sanctions Against Counsel for Witt O'Brien's LLC and Witt O'Brien's USVI LLC for Failure to Conduct Reasonable Inquiry in Answering Rich's Interrogatories." Dkt. No. 282. It contains much of the same text and many of the same arguments that he has set out in the instant motion.

## II.    Rich's Instant Sanctions Motion; WOB USVI's Response; Rich's Reply

In his motion, Rich seeks sanctions against Defendant WOB USVI and former Defendant WOB and their counsel for "discovery abuses" under Fed. R. Civ. P. 26(e) and (g), 34, and 37. Dkt. No. 279. He makes three main arguments: (1) WOB/WOB USVI refused to produce documents and delayed production of discovery for years, and WOB USVI improperly supplemented its discovery with 16,000 documents on the eve of the February 2024 deposition of WOB USVI's Rule 30(b)(6) witness; (2) WOB responded to discovery with improper general and boilerplate objections; and (3) WOB "misled" Rich that it was not the proper party in the case but that WOB USVI was, making "false representations in discovery." *Id.*

As to the first point, Rich claims that he "did not get most of the documents relevant to the litigation until years into the litigation," focusing on the documents produced four days prior to the Rule 30(b)(6) deposition when WOB USVI "finally supplemented" the responses WOB served on Plaintiff in December 2022. Dkt. No. 279 at 3. In addition, "[n]ot until March 4, 2024 did WOB USVI provide Rule 26 disclosures." *Id* at 5.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 6

The February 2024 supplemental production about which Rich complains relates to documents produced in litigation between Prime and WOB/WOB USVI in a Texas district court case filed in 2020: *Prime v. Witt O'Brien's LLC and Witt O'Brien's USVI, LLC*, 4:20-cv-04170, S.D. Tex. (the "Texas case"). Rich demanded production of documents from the Texas case from WOB USVI on February 8, 2024, to which WOB USVI responded on February 16 that it had a "substantial number of documents" in response, which it served on February 22—approximately 16,000 pages. *Id.* at 17-18. Rich describes this production as "a clear violation of its duty to supplement timely" without substantial justification, particularly when the documents could have been produced in 2022, which severely prejudiced him (apparently because his counsel had to work all weekend prior to the deposition to review the documents). *Id* at 16, 18-19.

As to the second point concerning general and boilerplate objections, Rich sets forth nine of his Requests for Production ("RFP") that WOB responded to in February 2023 (concerning Rich's employment, work identification badge, communications with co-Defendants about badging, supervision of Rich's day-to-day activities, and housing, reports of the incident at issue, and Rich's time sheets and reimbursement documents). *Id.* at 9-13. He complains that WOB improperly incorporated pages of general objections and then objected based on relevancy and lack of proportionality because Rich's involvement with the Virgin Islands disaster relief program commenced in October 2018, after WOB had assigned its rights to WOB USVI. *Id*. at 14. These general and boilerplate objections violated Rules 26(g) and 34 and warranted sanctions, citing *Ill. Nat'l Ins. Co. v. Cornett*, No. 20-cv-

0008, 2021 WL 1376570, at *3 (D.V.I. Apr. 12, 2021) and *Livingston v. Berger*, No. 19-cv-00012, 2020 WL 6585656, at *2 (D.V.I. Nov. 10, 2020). *Id*. at 14-15.

As to the third point concerning WOB USVI being an improper party and WOB/WOB USVI providing false answers in its discovery responses, it appears that Rich is contending that, after receiving the 16,000 pages of documents from the Texas case on February 22, 2024, followed by statements made in the Rule 30(b)(6) WOB USVI deposition, he learned that certain representations made by WOB in its discovery documents produced in early 2023, which also supported the substitution of WOB USVI for WOB, were false. *Id*. at 9. In particular, he learned that (1) WOB was the correct Defendant; (2) "all obligations under the original WOB contract as to the STEP Program" had not been turned over to WOB USVI; and (3) WOB was the entity that dealt with the STEP program. Dkt. No. 279 at 5-6. To support these conclusions, Rich refers generally to statements in a Joint Pretrial Order in the Texas case filed by the two WOB entities, as well as the judge's summary judgment order in that case finding certain uncontested facts that, in Rich's view, showed that WOB made "false representations" in discovery in this case because WOB stated it was not involved in the STEP program while the Texas case showed that it was.[3] *Id*. at 6-8. He asserts that his involvement with the VI Disaster relief program commenced in October 2018, well after WOB had assigned its rights to WOB USVI. *Id.* at 9-14. But WOB had "access to every document of WOB USVI" so therefore WOB's answers in response to the RFPs—

---

[3] In the Texas case, Rich asserts that WOB and WOB USVI acknowledged that the contracts with Prime were with both entities. Dkt. No. 279 at 8. Further, WOB admitted in that litigation that it and WOB USVI "operated as one unit and jointly executed all the work on the STEP program." *Id.* at 9.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 8

that it had nothing to do with the STEP program, having assigned it to WOB USVI—were "patently false." *Id*. at 8, 14.

Rich concludes with a heading "Attorneys Fees and Costs, Clear Public Admonition, and A Jury Instruction is Warranted." *Id*. at 19. In the text under the heading, he contends that a hearing is required on his motion under Rule 37 so he can be heard and the Court could impose his sanction request. *Id.* He then sets out a portion of Rule 37(c)(1) describing various types of sanctions for failing to comply with Rules 26(a) or (e), and cites but does not apply general case law describing sanctions under Rule 26(g). *Id.* at 19-20. He concludes by asserting that WOB, WOB USVI, and their counsel cannot prove that they had substantial justification for (1) delaying the production of discovery for years, (2) falsely claiming WOB was not a proper party; and (3) asserting general and boilerplate objections, and supplementing discovery with 16,000 pages of documents on the eve of depositions despite always having access to these documents. *Id*. at 20.

In its response in opposition, WOB USVI provides additional details concerning the discovery process that put the issues in this case and the Texas case in their respective contexts and explains more fully what prompted the substitution of WOB USVI for WOB as a Defendant. Dkt. No. 290. WOB USVI states that Rich had a three-month agreement to serve as a quality assurance inspector for a portion of the STEP Program administered by the V.I. Housing Finance Authority ("VIHFA") and funded by FEMA after the 2017 hurricanes. *Id*. at 1-2. WOB executed a Contract for Professional Services with the Virgin Islands Public Financing Authority ("PFA") in November 2017 to assist in coordinating

hurricane recovery efforts. *Id.* at 2. Subsequently, WOB USVI, a Virgin Islands Limited Liability Company and wholly-owned subsidiary of WOB, entered into a Master Subcontractor Agreement ("MSA") with Prime in January 2018 "for purposes which ultimately lead to Plaintiff's claims." *Id.* In April 2018, WOB assigned all of its rights under the MSA to WOB USVI. *Id.* In May 2018, the PFA executed a Memorandum of Understanding with the VIHFA that allowed the VIHFA to obtain the benefit of the contract for consulting services and WOB USVI was substituted as the contracting party. *Id.* When WOB served its initial disclosures in May 2022, it provided Rich with all of these agreements in its initial disclosures except the MSA, taking the position that because of the legally valid assignment, WOB USVI was the proper party to the lawsuit. *Id.* at 2-3.[4]

Rich propounded written discovery on WOB in December 2022, and WOB served its responses in February 2023 (following execution of the confidentiality agreement and protective order) that included the MSA. *Id.* at 3. In June 2023, Rich agreed to substitute WOB USVI for WOB as the party defendant; the Court accepted the stipulated substitution and dismissed WOB. *Id.* at 4, citing Dkt. No. 140. This substitution of WOB USVI for WOB was consistent with substitutions Rich's counsel had agreed to in other cases she had brought against WOB in Superior Court. *Id.* at 9-10 & n.17.

---

[4] WOB USVI attached copies of these documents: WOB contract with the V.I. Public Finance Agency, Dkt. No. 297-1;, WOB's assignment of the contract to WOB USVI dated April 18, 2018, Dkt. No. 297-2; and the V.I. Public Finance Agency's Memorandum of Understanding with the V.I. Housing Finance Agency, dated May 4, 2018, Dkt. No. 297-3, which show that WOB assigned all of its interest in the contract to WOB USVI by April 2018—which occurred prior to the instant lawsuit being filed in Superior Court in March 2019, Dkt. No. 1-1, and being removed to federal court in May 2019. Dkt. No. 1. This assignment also preceded the January 2019 incident between Rich and Shows. Dkt. No. 17.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 10

The district judge dismissed five of Rich's six claims against WOB USVI in October 2023, and the Court granted Rich's renewed motion to extend deadlines at the end of January 2024, setting a discovery deadline for March 22, Dkt. No. 192. Rich then served WOB USVI with a second set of discovery requests on January 31, 2024, to which WOB USVI responded with supplemental responses to Rich's first and second sets of interrogatories on February 20, 2024, with supplemental responses to the first set of demands for production of documents on February 23, 2024, and supplemental responses to Rich's second set of demands for production of documents on March 19, 2024. Dkt. No. 290 at 4-5 (citing Dkt. Nos. 240, 252, 253, 278).

WOB USVI argues that Plaintiff's motion should be denied on numerous grounds. First, the motion is not properly before the Court because Rich failed to comply with the Local Rules of Civil Procedure—specifically Local Rule 37.1 that requires (1) parties to confer in good faith about discovery disputes under Rules 26-27 before filing *any* motion related to discovery, LRCi 37.1(a); (2) any discovery motion to be filed with a certification as to the completion of the pre-filing conference or the reason the conference could not be held, LRCI 37.1(b); and (3) a joint request for an informal conference with the magistrate judge prior to filing any discovery motion, LRCi 37.1(c). Dkt. No. 290 at 6-7. WOB USVI asserts that Rich's counsel disregarded these unambiguous rules before filing the instant motion and the Court should deny the motion on this basis. *Id.* at 7-8.

Second, Rich's motion omitted crucial procedural history relevant to the determination of the motion: while the parties had communications about many of the

underlying discovery issues in 2022 and 2023 (which WOB USVI details), Rich did not request any informal conferences or file any discovery motions about those purported deficiencies under LRCi 37.1.[5] *Id.* at 8. At the December 2023 status conference, the Court made it clear it considered prior discovery issues closed and would not entertain further discovery motions. *Id.* at 10. Thus, by waiting over two years following initial disclosures and over one year after the close of written discovery to bring the issues before the Court, Plaintiff waived his right to pursue additional discovery and/or sanctions. *Id.*

Third, Rich did not demonstrate that sanctions under Rules 26 and 37 were appropriate. *Id.* at 11-19. In this regard, the Court lacked jurisdiction to sanction WOB, a dismissed party; Rich ignored that WOB and WOB USVI were separate legal entities; and he pointed to nothing showing that reliance on the corporate separateness doctrine was so unreasonable as to be sanctionable. *Id.* at 11. Further, after the district judge culled all but one claim against WOB USVI, a great deal of what Rich requested in discovery was no longer relevant or proportional to that claim, but WOB USVI still provided 16,000 pages of documents. *Id.* at 11-12. Plaintiff's motion, however, did not connect the requested discovery sanctions to his remaining negligent retention claim, or cite to any paragraphs in

---

[5] In particular, the parties had various communications about many of the discovery issues in May 2022, Dkt. Nos. 291-1, 291-2, 291-3, 291-4. Rich did not request an informal conference with the magistrate judge, file a motion to compel, or take any other action regarding these disclosures. After WOB served its responses to Rich's interrogatories and RFP in February 2023, Rich's counsel wrote WOB a 38-page letter on March 10, 2023 detailing alleged discovery deficiencies. Dkt. No. 290 at 9, citing Dkt. No. 291-6. WOB's counsel sought a meet-and-confer, but that did not take place. *Id.* citing Dkt. Nos. 291-7, 291-8.

the amended complaint to establish the propriety of the sanctions. Failing in his initial burden, the motion should be denied. *Id.* at 12.

Moreover, Rich's "blanket reliance" on discovery between WOB USVI and Prime, produced in the Texas litigation, was misguided because that case involved a commercial relationship between those two entities regarding the STEP Program, but the claim here concerned a single incident occurring near the end of Rich's three-month term of employment, with different relevance and proportionality considerations.[6] *Id.* The motion also misrepresents the record. *Id.* at 13-14 & nn. 23-33 (citing numerous examples).

As to Rich's challenge to WOB's general and boilerplate objections, neither of the two cases he cites, that resolved motions to compel, imposed Rule 26 or 37 sanctions, and the conduct at issue here does not justify such heavy handedness. *Id.* at 14-15. WOB USVI notes Plaintiff's failure to disclose information in response to its discovery requests as further reason to deny his motion. *Id.* at 15-16. And while Rich criticizes the timing of production of the documents, he does not assert that they were late or how he was prejudiced, and places no blame on his own delay for his situation—for example, his vague and overbroad discovery requests or not timely serving the requests after the initial scheduling order issued. *Id.* at 16. The cases he relied upon for sanctions were completely distinguishable. *Id.* at 17-18.

---

[6] WOB USVI notes that Rich's motion failed to alert the Court to other portions of the Texas case record in which WOB asserted the same arguments that led Rich's counsel to conclude that WOB was not a proper party to this suit. Dkt. No. 290 at 12-13.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 13

In his reply, Rich seeks to clarify the ground upon which he is seeking sanctions. Dkt. No. 299. He asserts that this is not a discovery dispute and therefore LRCi 37.1 is not applicable; rather, he is seeking sanctions under Fed. R. Civ. P. 26(g) that requires a "reasonable inquiry" by counsel concerning discovery disclosures. *Id.* at 1-2. He reasserts his position that producing 16,000 pages of documents shortly before a deposition was a "document dump," *id.* at 3, and that production of those documents showed that WOB's response that no additional documents were responsive to his initial discovery requests was false, as was WOB's response that it had nothing to do with the STEP Program, *id.* at 4. He adds that WOB USVI was "nothing more than a shell," *id.* and (unspecified) documents[7] responsive to document requests made on WOB were always in WOB's control. *Id.* at 6-7.

## DISCUSSION

### I.      Federal Rules 26, 34, and 37, and Local Rules 26.5, 37.1

Rule 26 of the Federal Rules of Civil Procedure requires parties to exchange certain initial disclosures without waiting for a discovery request from other parties. Fed. R. Civ. P.

---

[7] Even with the additional description of this argument in the reply, the Court finds this argument inscrutable. Rich argues that WOB had full access to WOB USVI's documents when WOB provided its discovery responses to Rich in early 2023, but did not search those documents: "All the records and information were available to the Defendant in December 2022, when the discovery was propounded. It was all on the [sic] WOB's server." Dkt. No. 299 at 9. However, Rich also argues that WOB, not WOB USVI, *was* the proper party in this case, particularly given that WOB USVI was a "shell company," *id.* at 4. And it was WOB (the supposed proper party) that responded to Rich's discovery in early 2023. It is therefore difficult to understand what WOB USVI documents may have been responsive to Rich's 2022 discovery requests, if it was not—in Rich's view—the proper party, and Rich does not provide any example of a relevant, responsive document in his motion that WOB did not produce in 2023 after he received supplementary responses from WOB USVI in 2024 as well as 16,000 documents from the Texas case where he allegedly learned that WOB was the proper party, Dkt. No. 279 at 5-6.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 14

26(a)(1). While a defendant is not obligated to conduct an exhaustive search, it is obligated under Rule 26 to disclose the information reasonably available to it. Fed. R. Civ. P. 26(a)(1)(E).

Rule 26 also establishes that by signing a discovery disclosure, an attorney or party certifies that after a "reasonable inquiry," the disclosure is "complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1). The rule provides, in relevant part:

> (1) Signature Required; Effect of Signature. Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name . . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>> (A) with respect to a disclosure, it is complete and correct as of the time it is made; and
>> (B) with respect to a discovery request, response, or objection, it is:
>>> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>>> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>>> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.
> * * *
> (3) Sanction for Improper Certification. If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g). "An objective standard is used to determine if a certification is reasonable." *Younes v. 7-Eleven, Inc.,* 312 F.R.D. 692, 704 (D.N.J. 2015). "Substantial justification" means "justification to a degree that could satisfy a reasonable person that

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 15

parties could differ as to whether the party was required to comply with the disclosure request." *Bistrian v. Levi*, No. 08-cv-3010, 2022 WL 888878, at *8 (E.D. Pa. Mar. 25, 2022), *reconsid. denied*, 2023 WL 1100994 (E.D. Pa. Jan. 30, 2023). Courts have found that Rule 26(g) applies to answers to interrogatories. *See, e.g.*, *Younes*, 312 F.R.D. at 704. Moreover, "a failure to disclose is considered harmless when there is no prejudice to the party entitled to disclosure." *Vogt v. Wetzel*, No. 17-cv-1407, 2022 WL 3348889, at *2 (W.D. Pa. Aug. 12, 2022) (internal quotation marks omitted).[8]

Case law provides that

> Rule 26(g) does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request. Rather, the signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand.

*State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 220 (E.D. Pa. 2008) (internal quotation marks omitted).

---

[8] The Court notes that in *Simmonds ex rel. DH v. Evans*, No. 22-cv-0051, 2023 WL 6880139, at *5 n.5 (D.V.I. Oct. 17, 2023), it discussed the differences in a party seeking sanctions under Rules 37(c) and 26(g). The party opposing the Rule 26(g) sanction in that case applied Rule 37(c) case law. In making the point that the two Rules had different requirements (the former imposes mandatory sanctions for a violation, the latter is permissive), the Court stated that it appeared that some courts applied the statement that sanctions under Rule 37(c) would not be applied if the failure to disclose was "substantially justified or harmless" to Rule 26(g), and that the Court would not follow that approach. *Id.* Upon sua sponte reconsideration, the Court will not adhere to that dictum, and will apply the "substantially justified or harmless" standard to Rule 26(g). This makes logical sense, as the rule itself uses the term "substantial justification," Fed. R. Civ. P. 26(g)(3), and including "harmless" brings sanctions under the two rules in line with each other: it is another way of stating that the party seeking sanctions must be prejudiced by the lack of disclosure. Numerous district courts in this Circuit have applied the "substantially justified or harmless" standard to Rule 26(g) sanctions, *see, e.g.*, *Singer v. Covista, Inc.*, No. 10-cv-6147, 2013 WL 1314593, at *9 (D.N.J. Mar. 28, 2013), and the Court will do so here.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 16

Rule 34 governs the procedure for producing documents in discovery. Fed. R. Civ. P. 34. Given that federal discovery is premised upon good faith cooperation among the lawyers and the parties, Rule 37 provides a variety of sanctions in various discovery situations where a party has failed to cooperate. Rule 37(a) permits a party to move for an order compelling disclosure or discovery if, *inter alia*, a party fails to produce documents; an "evasive or incomplete answer" is treated as a failure to disclose. Fed. R. Civ. P. 37(a). Rule 37(c) states that if a party fails to provide information under Rule 26(a) or (e), that party may not use the information as evidence on a motion, at a hearing or trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The rule also permits additional sanctions to be levied against a party that has failed to disclose or supplement, ranging from monetary sanctions to dismissing the action. *Id.*

"Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Exp, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (internal quotations and citation omitted). "[T]he list of sanctions provided by Rule 37(b)(2)(A) is not exhaustive, and the decision to impose sanctions is 'generally entrusted to the discretion of the district court.'" *Clientron Corp. v. Devon IT, Inc.*, 894 F.3d 568, 580 (3d Cir. 2018) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n (Bowers II)*, 475 F.3d 524, 538 (3d Cir. 2007)). However, "Rule 37(b)(2)(A) is not equivalent to carte blanche; it limits courts' discretion in two ways: First, any sanction must be just; second,

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 17

the sanction must be *specifically related* to the particular claim which was at issue in the order to provide discovery." *Id.* (internal quotation marks omitted).

Local Rule 37.1 provides additional guidance and requirements for discovery disputes. LRCi 37.1(a) states that "[p]rior to filing *any motion* relating to discovery pursuant to Federal Rules of Civil Procedure *26-37*, counsel for the parties shall confer in a good faith effort to eliminate the necessity for the motion or to eliminate as many of the disputes as possible" (emphasis added). LRCi 37.1(b) requires "[a]ny motion filed" to be accompanied by "a certification of the moving party as to the completion of the pre-filing conference" or the efforts made to comply. LRCi 37.1(c) requires a pre-filing conference to be completed within 15 days after the moving party serves a written communication requesting such a conference but, if counsel cannot resolve the areas of dispute, "a joint request shall be made for an informal conference with the Magistrate Judge."

Finally, "[u]nless otherwise ordered by the Court, motions to compel discovery must be filed within the discovery period." LRCi 26.5.

## II.    Initial Matter

As an initial matter, Plaintiff's position that, under Rule 37(c)(1),[9] the Court must set a hearing to address his motion misstates the law. "The advisory committee notes to Rule 37 indicate that the 'opportunity to be heard' requirement can be satisfied by either written submissions or oral hearings. *See* Fed. R. Civ. P. advisory committee's note."

---

[9] This Rule provides, in pertinent part, that if a party fails to provide information as required by Rule 26(a) or (e), the court may sanction that party. But "[i]n addition to or instead of this sanction, the court, on motion and *after giving an opportunity to be heard*" could order other sanctions as well. Fed. R. Civ. P. 37(c)(1) (emphasis added).

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 18

*Mammen v. Thomas Jefferson Univ.*, No. 20-cv-0127, 2021 WL 3782950, at *3 (E.D. Pa. Aug.

26, 2021). As a result, and also because this motion does not warrant a hearing, the Court

will decline to schedule one.

### III.    Analysis

#### A.  Procedural Issues

Rich's motion focuses primarily on former Defendant WOB's "refusal" to provide

documents in early 2023 and WOB USVI "dumping" 16,000 pages of documents on him in

February 2024, WOB's supposed false representations, and the general and boilerplate

responses to the discovery it provided; in Rich's view, all of these actions warrant

sanctions. The first problem with this approach is that Rich does not address, much less

provide any authority for the Court to hold, that WOB—a former Defendant that has not

been part of this case for ten months—may be liable for discovery sanctions at this point in

time. Rich provides no analysis regarding the structure of the two LLCs (WOB and WOB

USVI) to show that imposing sanctions on WOB would be permissible because, for example,

WOB USVI was the alter ego of WOB and thus it could not assert the corporate

separateness of the two entities. While Rich terms WOB USVI a "shell" in his reply, Dkt. No.

299 at 4, and notes that both LLCs responded together in the Texas litigation, *id.* at 7, he

does not address WOB USVI's argument that WOB has been dismissed, and that the two

LLCs are separate entities[10] such that sanctions may not now be imposed on WOB.

---

[10] Case law provides that "the corporate form should not be disregarded lightly. . . .The
Virgin Islands, as in other jurisdictions, will respect corporate separateness unless
presented with a compelling reason to disregard such a well-entrenched concept." *Cesar*

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 19

But even if Rich could seek sanctions against WOB as a dismissed party and separate entity from WOB USVI, the Federal and Local Rules of Civil Procedure foreclose such relief. Particularly with regard to a party seeking discovery sanctions against a recalcitrant party under Fed. R. Civ. P. 37, case law generally provides that a prerequisite to such a filing is a motion to compel. *See McMullen v. Bay Ship Mgmt.,* 335 F.3d 215, 217 (3d Cir. 2003) ("Generally, [Rule 37] requires the issuance of an order to compel and only after failure to comply with that order should a penalty be imposed."); *Mutschler v. Tritt,* No. 14-cv-2477, 2016 WL 6496444, at *2 (M.D. Pa. Nov. 1, 2016) (denying motion for sanctions because movant did not first file a motion to compel); *Martinez-Barren v. Ingram Micro, Inc.,* No. 06-cv-0661, 2007 WL 576661, at *1 (M.D. Pa. Feb. 21, 2007) (noting that defendant had not filed a motion to compel before seeking sanctions, citing Fed. R. Civ. P. 37(a)(2)(B) (providing that if a party failed to produce the requested documents, "the discovering party may move for an order compelling" the production of the documents), but construing motion for sanctions as a motion to compel).

---

*Castillo, Inc. v. Healthcare Enterprises, L.L.C.,* No. 12-cv-0108, 2016 WL 5660437, at *3 (D.V.I. Sept. 27, 2016) (internal quotation marks, citations, and alterations omitted); *see also Dream Eng'g & Trucking, LLC v. Majestic Constr., Inc.,* 2019 VI SUPER 57U, ¶ 10 (V.I. Super. Apr. 23, 2019) ("In the Virgin Islands, the law may disregard the corporate separateness "only in those circumstances where the shareholder has exercised such domination and control over the corporation that the corporation has become an alter ego of the shareholder, and where the shareholder has utilized the corporate form to perpetuate the fraud or injustice at issue in the litigation.") (internal quotation marks omitted); *In re Tutu Wells Contamination Litig.,* 846 F. Supp. 1243, 1261 (D.V.I. 1993) ("As between parent and subsidiary, there is a presumption of separateness, and a plaintiff has a heavy burden to overcome that presumption to establish the liability of the parent."). Rich did not address this argument.

In turn, a motion to compel—which would address most of the discovery disputes Rich raises here—must be filed prior to the close of the discovery period. *See* LRCi 26.5 ("Unless otherwise ordered by the Court, motions to compel discovery must be filed within the discovery period."); *Hammerhead Constr. LLC v. Hoffman*, No. 3:23-cv-00014, 2024 WL 181559, at *6 (D.V.I. Jan. 17, 2024) (citing cases); *Kmart Corp. v. Sunny Isles Devs., LLC*, No. 1:14-CV-00077, 2016 WL 11396508, at *1–2 (D.V.I. Dec. 20, 2016) (citing cases). Rich never filed a motion to compel concerning (1) his problems with WOB's 2023 responses to his discovery requests prior to the close of discovery on February 28, 2023; (2) his problems with WOB USVI's 2024 supplemental production; or (3) the instant sanctions motion.

In *Perez v. Great Wolf Lodge of the Poconos LLC*, No. 12-cv-1322, 2017 WL 34697 (M.D. Pa. Jan. 3, 2017), the district court opined, that "there is no requirement that a party must file a motion to compel before a Court may impose sanctions under Federal Rule of Civil Procedure 37(c)." *Id.* at *6. As shown above, other courts have come to the opposite conclusion on that point, including the Third Circuit. But even if Rule 37(c) was read in accordance with *Perez's* conclusion, the Court would still deny Rich's motion that actually raises discovery issues for the first time because he did not comply with LRCi 37.1.

As stated above, in this District, "any motion" relating to discovery issues under Federal Rules 26-37 must follow the steps provided in LRCi 37.1(a), (b), and (c) to resolve such disputes. This wording is extremely broad and encompasses the disputes Rich raises here for which he seeks sanctions under both Fed. R. Civ. P. 37 *and* 26(g): alleged late,

insufficient, false, and general discovery responses. The text of LRCi 37.1 governs motions for sanctions based on such improper responses, under both Rule 37(c) *and* Rule 26(g), as they concern "discovery issues" under Federal "Rules 26-37." Thus, the Local Rule brings Rich's Rule 26(g) sanctions motion under its purview even if the Federal Rules do not, and even if he had not filed a motion to compel under Rule 26(g). The Court therefore rejects Rich's attempt, in his reply, to sidestep the applicability of LRCi 37.1 to his motion by focusing only on his seeking sanctions under Rule 26(g), Dkt. No. 299 at 2, which ignores the fact that he sought sanctions pursuant to both Rules 26(g) *and* 37(c).

In any event, the Court concludes that LRCi 37.1 applies to his motion requesting discovery sanctions under both Rule 26(g) and Rule 37. Rich does not dispute that he never requested, for example, an informal conference with the Magistrate Judge regarding the discovery disputes underlying the motion for sanctions regarding WOB's alleged late, insufficient, incomplete, general, and false responses to his interrogatories and requests for production prior to the close of discovery in February 2023 or March 2024 that undergird his instant request for sanctions under both Federal Rules.[11] Having failed to comply with LRCi 37.1(c) during discovery when WOB and WOB USVI served those allegedly offending responses, Rich's motion seeking sanctions based on those discovery problems—over a year after that discovery deadline had closed—is untimely under LRCI 26.5 and failed to comply with LRCi 37.1.[12]

---

[11] WOB USVI describes how Rich did not comply with LRCI 37.1(b)'s meet and confer requirements either. Dkt. No. 290 at 9.

[12] When the Court permitted a limited period of discovery from January 29 to March 22,

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 22

Nor did Rich comply with LRCi 37.1 with regard to his instant sanctions motion. WOB USVI describes how Rich's counsel did not "confer in good faith" with its counsel to eliminate the necessity of the discovery motion, but mentioned in passing, in a March 13, 2024 conference call related to a separate matter that WOB USVI's counsel should expect to receive a sanctions motion (without specifying what the sanctions concerned). Dkt. No. 290 at 7. On March 14, 2024, at 5:36 p.m., Rich's counsel transmitted the instant sanctions motion to WOB USVI's counsel (without any exhibits) and asked WOB USVI's counsel to indicate whether he had any objections by 2:00 p.m. the next day. *Id.* at 7-8, citing Dkt. No. 291-2. Rich never sent a letter detailing disputed discovery issues, attempted to arrange an attorneys' conference to discuss the dispute, request an informal conference with the Magistrate Judge, or certify such efforts were made. *Id.* at 8. *See Rich v. Witt O'Brien's USVI, LLC*, 1:19-cv-00022 (D.V.I. Mar. 19, 2024) (denying motion to compel, in part, for failure to comply with LRCI 37.1); *cf. Ference v. Unisen, Inc.,* No. 03-cv-0161, 2004 WL 2289361, at *1 (D.V.I. Oct. 8, 2004) (striking motion to compel for failure to comply with LRCi. 37.1).

Accordingly, the sanctions Rich seeks for various purported discovery violations related to WOB's 2023 and WOB USVI's 2024 discovery responses—in addition to the motion for sanctions itself—will be denied for failure to comply with LRCI 37.1.[13]

_____

2024 because none of the parties had been diligent in conducting discovery prior to the February 28, 2023 discovery deadline, that short timeframe did not reopen discovery from 2022/2023, as that discovery period had closed, and Rich does not contend that it did.

[13] Rich's attorney provides no reason why she did not avail herself of the procedures provided in LRCi 37.1 to challenge any of WOB's or WOB USVI's responses to discovery that she found both objectionable and sanctionable, as well as the sanctions motion itself based on those purported violations. This is the more curious because Rich's counsel has in fact

### B. Substantive Issues

Even if Rich's non-compliance with LRCi 37.1 was not fatal to his sanctions motion, it would fail on the merits. His first argument is that WOB/WOB USVI refused to produce documents and delayed production of discovery for years, and WOB USVI improperly and "finally" supplemented its discovery served on WOB in December 2022 with 16,000 documents on the eve of the February 2024 deposition of WOB USVI's Rule 30(b)(6) witness. Dkt. No. 279 at 3, 5, 16-19. Here, he refers only to the 16,000 documents WOB USVI provided from the Texas case in February 2024. But in complaining about this delayed production, Rich omits the significant point that discovery ended in February 2023, Dkt. No. 85, when WOB was a Defendant. It was only because the Court permitted a short period of discovery in 2024, allowing Rich to request discovery from WOB USVI, that he was able to ask for, and received, the documents from the Texas case. Despite his effort to blame this "delay" on WOB/WOB USVI, that was clearly not the case, and misrepresents the record.

In this regard, Rich asserts that he put WOB USVI and Prime "on notice" in a February 7, 2024 letter that he received a copy of the complaint and other documents in the Texas case and "demanded production of the documents." Dkt. No. 279 at 17-18. After an exchange of correspondence, WOB USVI provided a link with 16,000 documents from the Texas litigation on February 22, five days before the February 27, 2024 WOB USVI Rule

---

followed the LRCi 37.1 procedure in this case, when contesting discovery responses from Defendants. Dkt. Nos. 132, 134. As late as February 2024, Rich's counsel sought an informal conference with the Court regarding Prime's discovery responses in the February-March 2024 discovery period where Rich sought documents from the Texas case from Prime.

30(b)(6) deposition—which in Rich's view presented a "clear violation of [WOB USVI's] duty to supplement timely." *Id.* at 18. Not only is this vague and conclusory statement insufficient to support sanctions, but Rich glosses over the salient fact that he asked for this material only on February 7, 2024, and WOB USVI produced 16,000 pages two weeks later, which is not untimely under any definition. While Rich attempts to infer that WOB USVI withheld these documents from his discovery requests in 2022 (and thus he was prejudiced), he does not specify which RFP he made at that time that those documents may have been responsive to, which would have made the 2024 production untimely. And having requested documents from WOB concerning the Texas case on February 7, 2024, and having received them on February 22, 2024, the fact that Rich's counsel had to review them at the last minute prior to the Rule 30(b)(6) deposition would be an expected result in response to the timing of his request.

Moreover, Rich does not point to any documents WOB or WOB USVI withheld in 2023 (or 2024) to show that he was somehow prejudiced by their discovery responses. Nowhere in Rich's motion or reply does he tether any allegedly-untimely produced document or general objection to his one remaining negligent retention claim against WOB USVI. In fact, his sanctions briefing does not even mention the negligent retention claim; thereby failing to connect his requested discovery sanctions with that claim to establish the propriety of the sanctions. *See Clientron Corp.*, 894 F.3d at 580 (sanctions under Rule 37(b)(2)(A) must be *specifically related* to the particular claim which was at issue in the

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 25

order to provide discovery.") (emphasis added). Thus, Rich's untimeliness argument regarding the 2024 production of documents, for which he seeks sanctions, is meritless.

His second argument fails as well. He complains that WOB USVI's 2024 responses to his RFPs contained the same "baseless general objections" as WOB's 2023 responses did, and that WOB, WOB USVI, and their counsel had "no substantial justification for the continued assertion of general and boilerplate objections after the 2015 amendments to Rule 34," which violated Rule 26(g). Dkt. No. 279 at 15. Rich's motion speaks in broad generalities and conclusory terms about WOB's and WOB USVI's actions in interposing general and boilerplate objections. But given this alleged discovery impropriety, Rich never explains how these responses actually prejudiced him.

With regard to the boilerplate objections, he argues that interposing them merits sanctions because they violate case law and are not permitted. The two cases that Rich cites—*Cornett,* 2021 WL 1376570, at *3, and *Livingston*, 2020 WL 6585656, at *2—support his position. However, the boilerplate issue was presented in those cases in the context of motions to compel; the courts overruled defendants' relevancy objections but did not sanction them for raising general objections under either Rules 26(g) or 34, Rich insists that the interposition of general responses in and of themselves is sufficient to warrant sanctions. But he provides no authority showing that to be the case, nor any analysis showing how he was harmed by these responses and how that impacted his remaining negligent retention claim against WOB USVI. He does not explain how sanctions would be

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 26

just, *Clientron Corp.*, 894 F.3d at 580, much less how this argument would be analyzed under Rule 26(g).

And although WOB and WOB USVI began their RFP responses by interposing boilerplate objections, they went on to provide specific responses to each RFP. And Rich did not, apparently, view those specific RFP responses as so objectionable and non-responsive as to seek a Rule 37.1 conference with the undersigned, followed by a motion to compel. Thus, it is hard to understand how Rich could find those general objections so offensive now—long after the time to file a motion to compel has passed—to warrant sanctions under either Rule 26(g) or 37. The Court rejects this argument as meritless.

Rich's third argument for sanctions is that WOB "misled" Rich and "falsely claimed" that it was not the proper party in the case but that WOB USVI was, thereby making "false representations in discovery." Dkt. No. 279 at 3, 5-6, 8-9, 20. To begin with, given the documents WOB provided in response to discovery requests, including the April 2018 assignment and MSA, WOB's position that WOB USVI was the proper party was objectively reasonable to the extent Rich ties the improper party argument into his request for Rule 26(g) sanctions.[14] *See Project 74 Allentown, Inc. v. Frost*, 143 F.R.D. 77, 84 (E.D.Pa.1992) (holding that sanctions under Rule 26(g) may be imposed "when the signing of the response was objectively unreasonable under the circumstances").

But in order to support his position and cast doubt on WOB's position, Rich travels far afield. He argues that WOB failed to engage in a reasonable inquiry in responding to his

---

[14] These documents also provide "substantial justification" for WOB's position that it was not the correct party. *Bistrian*, 2022 WL 888878, at *8.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 27

requests for production, warranting sanctions, because various documents and disclosures

from the Texas case showed that WOB's assertion that it was not a proper party was false.

Dkt. No. 279 at 5-9. Rich imports documents and court findings from that litigation into this

case to "prove" that the two LLCs operated together in that litigation and therefore the

position WOB took in this litigation that it was not the proper party was false, impacted the

responses to his requests for production, and warranted sanctions.

But nowhere does Rich explain under what authority this Court may import findings

by a judge or documents filed in the Texas case into this case. Rich has not asked this Court

to take judicial notice of the Texas documents; rather, he summarizes certain of those

documents (out of thousands filed in that case) and blithely asks the Court to accept them

and his summaries for the truth of the matters asserted therein, without any analysis

regarding why that might even be permissible—when case law unequivocally provides that

it is not. *See Hargus v. Ferocious & Impetuous, LLC*, No. 13-cv-0111, 2015 WL 1743049, at *5

(D.V.I. Apr. 14, 2015) (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp.,

Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) for proposition that a court may not take judicial

notice of another court's opinion "for the truth of the facts recited therein," and *Kramer v.

Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991), stating "courts routinely take judicial

notice of documents filed in other courts, [] not for the truth of the matters asserted in the

other litigation, but rather to establish the fact of such litigation and related filings."). In

addition, Rich's charges that WOB's answers were "false" go to the merits of the case—

which Defendant(s) employed/had control over Rich and Hugh Shows—as opposed to

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 28

whether WOB/WOB USVI made reasonable inquiries and the disclosure was complete and correct at the time they were made. Certification does not require an attorney to verify the truthfulness of the discovery responses. *See State Farm Mut. Auto. Ins. Co.* 250 F.R.D. at 220 ("Rule 26(g) does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request" and holding that "Rule 26(g) only governs certification and cannot be the basis for sanctioning an allegedly improper verification.").

But nowhere does Rich indicate that the RFP responses provided by WOB in 2023 or WOB USVI in 2024 were not "complete and correct" at the time they were made or whether any documents had been withheld by WOB or WOB USVI, and that withholding prejudiced him—in particular, how an alleged incomplete review may have adversely impacted his ability to support his remaining negligent retention claim against WOB USVI (or any of his other claims against WOB USVI). *See* Fed. R. Civ. P. 26(g)(1). Thus, even assuming for the sake of argument that WOB and its counsel should have reviewed the WOB USVI documents that it purportedly had access to, its alleged failure was harmless and does not warrant sanctions. *See Vogt,* 2022 WL 3348889, at *2 ("[A] failure to disclose is considered harmless when there is no prejudice to the party entitled to disclosure.") (internal quotation marks omitted); *see also Stevens v. Sullum*, No. 3:20-CV-01911, 2023 WL 3311850, at *5 (M.D. Pa. May 8, 2023) ("Rule 26(g) does not require perfection and does not impose an unreasonably high burden on litigants. It simply requires that a reasonable inquiry be made into the factual basis of a discovery response and that responses to discovery be complete and correct when made.") (internal quotation marks omitted).

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 29

When the temperature lowers from Rich's overwrought arguments, the Court rejects Rich's position that WOB/WOB USVI falsely responded to discovery by saying it was not the correct party, and concludes that he has not shown that WOB/WOB USVI violated Rule 26(g) (or Rule 37). It follows that Rich's argument that his counsel—an astute litigator—was "misled" into substituting WOB USVI for WOB, and this fact caused "an unreasonable delay and multiplication of these proceedings,"[15] impacting the receipt of needed discovery, Dkt. No. 279 at 3, is equally meritless.

Finally, and oddly, despite proffering a 22-page brief seeking sanctions generally under Rule 26(g) and 37 and setting out the heading of the sanctions section that states "Attorney Fees and Costs, Clear Public Admonition, and a Jury Instruction is Warranted," nowhere in the text of the brief does Rich ask for specific sanctions, and why. Dkt. No. 279 at 19-20. "The grant of sanction[s], if any, must be based on a particularized motion that advises the offending party of the form of relief that is requested so that notice and an opportunity to be heard regarding the type of sanctions to be awarded is afforded. On this basis alone, the Court concludes that Plaintiff has not satisfied its burden of showing entitlement to the relief requested." *Stevens v. Sullum*, No. 3:20-CV-01911, 2023 WL

---

[15] If any party has multiplied these proceedings, it would be Rich. Not only did he file a meritless "Expedited Motion to Compel" against WOB USVI on March 18, 2024, Dkt. No. 274, but he also filed the instant motion for sanctions and a second motion for sanctions against WOB/WOB USVI and their counsel on March 20 and 22, 2024, respectively. Dkt. Nos. 279, 282. The two sanctions motions, 20 and 22 pages long, are duplicative; sections from the first motion are lifted verbatim or almost verbatim into the second motion. The Court cannot fathom why the similar issues and arguments raised in both motions could not have been combined to be addressed once, thereby not unnecessarily consume judicial resources, much less resources of opposing counsel, in addressing these repetitive motions twice.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 30

3311850, at *5 (M.D. Pa. May 8, 2023) (internal citation omitted); *see also Vogt*, 2022 WL

3348889, at *2; *Vay v. Huston*, No. 14-cv-769, 2016 WL 1408116, at *5 (W.D. Pa. Apr. 11,

2016). The same result in *Stevens* obtains here.

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Plaintiff's "Motion for

Hearing and Sanctions for Discovery Abuses as to Witt O'Brien's USVI, LLC, Witt O'Brien's,

LLC and Its' [sic] Counsel," Dkt. No. 279, is **DENIED**.

ENTER:

Dated: April 25, 2024                    /s/ Emile A. Henderson III
                                         EMILE A. HENDERSON III
                                         U.S. MAGISTRATE JUDGE