| DISTRICT COURT OF THE VIRGIN ISLANDS |
| :---: |
| DIVISION OF ST. CROIX |

| | |
| :--- | :--- |
| CHARLES RICH, | |
| **Plaintiff,** | 1:19-cv-00022-RAM-EAH |
| v. | |
| WITT O'BRIEN'S, USVI, LLC, LEVETATED CAREERS, INC., and PRIME UNIVERSAL GROUP, LLC, | |
| **Defendants.** | |

COUNSEL:    Lee J. Rohn, Esq.
                        *On behalf of Plaintiff*
            Sofia L. Mitchell, Esq.
            Adam G. Christian, Esq.
            Michael Robert Francisco, Esq.
                        *On behalf of Defendant Witt O'Brien's, USVI, LLC*
            Kyle R. Waldner, Esq.
                        *On behalf of Defendant Levetated Careers, Inc.*
            Zachary Doniger, Esq.
            Chivonne Thomas, Esq.
            Jennifer Quildon Brooks, Esq.
                        *On behalf of Defendant Prime Universal Group, LLC*

## ORDER

**THIS MATTER** comes before the Court on the "Motion for Sanctions Against Counsel for Witt O'Brien's LLC and Witt O'Brien's, USVI LLC for Failure to Conduct Reasonable Inquiry in Answering Rich's Interrogatories," filed on March 22, 2024 by Plaintiff Charles "Randy" Rich (the "second sanctions motion"). Dkt. No. 282. Despite the title of the motion, Rich asks the Court to sanction Defendant Witt O'Brien's USVI, LLC ("WOB USVI"), former Defendant Witt O'Brien's LLC ("WOB"), *and* their counsel, and for a hearing, for interposing boilerplate objections to his interrogatories and failing to engage in a basic reasonable inquiry in responding to the interrogatories, and interposing "false"

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 2

answers. WOB USVI filed an opposition, Dkt. No. 296, and Rich filed a reply, Dkt. No. 301.

For the reasons that follow, the Court will deny the motion.

## BACKGROUND

### I.    General Procedural History

In order to put this second sanctions motion in context, the Court will summarize the procedural history of this case. In March 2019, Plaintiff Rich filed a complaint in the Superior Court of the Virgin Islands against Defendants WOB, Levetated Careers Inc., and Prime Universal Group, LLC. WOB removed the case to district court in May 2019, and Rich amended his complaint in June 2019. Dkt. No. 17. Rich generally alleged that, in October 2018, he was hired as a Quality Assurance House Inspector after the 2017 hurricanes in the Virgin Islands and moved to St. Croix.[1] *Id.*, ¶¶ 12, 16. At the end of January 2019/early February 2019, Hugh Shows, "an employee of Defendants" was involved in an altercation with Rich and, a couple of days later, Rich was fired. *Id*. ¶¶ 37-38, 42-45, 51. Rich alleged claims of fraudulent and/or negligent misrepresentation; separate counts of tortious interference with contract by WOB and Prime; negligent retention of Shows; and breach of the duty of good faith and fair dealing. *Id.* at 9-12. Rich filed a motion to remand in May 2019, Dkt. No. 6; WOB, Levetated, and Prime filed motions to dismiss. Dkt. Nos. 18, 19, 64. After jurisdictional discovery, the remand motion was denied in July 2021. Dkt. Nos. 53, 54.

---

[1] In response to the hurricanes, the U.S.V.I. Department of Housing [V.I. Housing Finance Authority] instituted the FEMA-funded Sheltering and Temporary Essential Power ("STEP") Emergency Home Repair Program. As part of that program, Prime provided Quality Assurance Inspectors, hired by Levetated on behalf of Prime, including Rich, to work in the U.S. Virgin Islands. Dkt. No. 17 ¶¶ 10-12.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 3

In April 2022, the Court issued an Order setting deadlines for initial discovery and setting an initial conference. Dkt. No. 68. On May 6, 2022, WOB served its Rule 26 initial disclosures. Dkt. No. 74. In June 2022, the Court issued a Scheduling Order that, inter alia, set the fact discovery deadline for February 28, 2023 and a trial date for February 26, 2024. Dkt. No. 85. However, Plaintiff served no discovery on Defendants until December 2022. Dkt. Nos. 88-96. WOB served discovery requests on Plaintiff in January 2023. Dkt. Nos. 104, 106. Rich stipulated for an extension of time to respond to WOB's discovery, improperly extending the discovery deadline with that Defendant to March 29, 2023. Dkt. No. 118. In February 2023, the parties stipulated to entry of a confidentiality agreement and protective order. Dkt. Nos. 112, 114. In June 2023, Plaintiff and WOB stipulated to substitute WOB USVI as a party defendant in place of WOB. Dkt. Nos. 139, 140.

In October 2023, the District Judge granted in part and denied in part the motions to dismiss that had been filed by the Defendants. Dkt. Nos. 114, 115. The only cause of action that remained against WOB USVI was negligent retention of Hugh Shows. *Id.* In late November 2023, Plaintiff sought an informal conference with the Court, pursuant to LRCi 37.1(c), to resolve discovery disputes with Levetated. At a December 22, 2023 status conference, the Court stated it would not hold the informal discovery conference that Plaintiff had requested because discovery had concluded long ago, the deadlines had passed without any motion for an extension, and the next deadline in the operative Scheduling Order was a January 5, 2024 date for Plaintiff to deliver to Defendants his part of the Joint Pretrial Statement, with trial scheduled for February 26, 2024. The parties

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 4

orally requested an extension of the Scheduling Order deadlines; the Court permitted them to file motions to extend the deadlines, in which they were to specifically explain how their actions constituted excusable neglect. Dkt. No. 157. On January 1, 2024, the Court denied the motions to modify the scheduling order, extend the pretrial deadlines, and continue the trial, concluding that the parties had failed to show good cause or excusable neglect in ignoring the Scheduling Order's deadlines and seeking to extend them so late. Dkt. No. 163.

The Defendants filed answers to the complaint, Dkt. Nos. 164, 168, 170, and the Court denied Plaintiff's motion to amend the amended complaint, Dkt. No. 173. On January 25, 2024, Rich filed a renewed motion to extend the pretrial deadlines. Dkt. No. 189. On January 29, 2024, the Court granted that motion in part, concluding that Rich would be prejudiced by not being able to conduct discovery on the affirmative defenses recently set forth by Defendants in their answers. Dkt. No. 192. The Order set a March 22, 2024 deadline for the close of fact discovery, permitting Rich to serve written discovery on WOB USVI (given that prior discovery was on WOB),[2] and on Defendants Prime and Levetated only in relation to the affirmative defenses raised in their answers. *Id*. It warned that no further extensions of the deadlines would be permitted. *Id.*

On March 18, 2024, Rich filed an "Expedited Motion to Compel WOB USVI to Respond to Plaintiff's Second Set of Demand for Production of Documents," in which he stated that he had asked WOB USVI to provide its outstanding discovery responses in seven days (by March 20) but that was a mistake and Rich wanted WOB USVI to respond on

___
[2] WOB USVI stated that it would adopt the written discovery previously sent by WOB as its own. Dkt. No. 161 at 4.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 5

March 18th. Dkt. No. 274. The Court denied the motion in short order, stating that it was procedurally and substantively infirm, as Plaintiff did not comply with LRCI 37.1 and he was not seeking to compel a response, but to compel a faster response. Dkt. No. 275.

On March 20, 2024, Rich filed a "Motion for Sanctions for Discovery Abuses as to Witt O'Brien's USVI, LLC, Witt O'Brien's, LLC and Its Counsel" (the "first sanctions motion"). Dkt. No. 279. It contains much of the same text and many of the same arguments set out in the second sanctions motion.

## II.     Rich's Second Sanctions Motion; WOB USVI's Response

In his motion, Rich seeks sanctions against both Defendant WOB USVI, former Defendant WOB, and their counsel under Rule 26(g) for failing to conduct a reasonable inquiry in answering his interrogatories. Dkt. No. 282. He makes two main arguments: (1) WOB's initial responses, served in February 2023, contained three pages of general objections, and WOB USVI's February 2024 supplement contained the same general objections, which were improper and unreasonable; and (2) WOB failed to engage in basic reasonable inquiry in responding to the interrogatories—in particular, repeating the "false" assertion that WOB, LLC was not a proper party and "had nothing to do with the STEP Program." *Id.* at 5.

As to the first point concerning general and boilerplate objections, Rich claims that case law holds that "general objections are not proper [and] without more are an insufficient basis for refusal to answer." *Id.* at 2, quoting *Harding v. Dana Transp., Inc.* 914 F. Supp. 1084, 1102 (D.N.J. 1996), and citing *Ranyo v. Civitas Media LLC*, 19-cv-01798, 2020

WL 12764379, at *1 (M.D. Pa. Dec. 16, 2020) and *Great Lakes Inc. S.E. v. Sunshine Shopping Ctr.*, No. 19-cv-00039, 2020 WL 9809840, at *3 (D.V.I. June 22, 2020). Despite warnings from courts that such general and boilerplate objections were not permitted and were unreasonable, WOB's initial responses to Rich's interrogatories in February 2023 and WOB USVI's supplemental responses in February 2024 contained these objections, which warranted sanctions under Rule 26(g). *Id.* at 3.

As to the second point concerning WOB USVI being an improper party and WOB providing false answers in its interrogatories, it appears that Rich is contending that, after receiving 16,000 pages of documents on February 22, 2024 from the Texas litigation—a case between Prime and WOB/WOB USVI filed in Texas district court in 2020: *Prime v. Witt O'Brien's LLC and Witt O'Brien's USVI, LLC*, 4:20-cv-04170, S.D. Tex (the "Texas case").—followed by statements made in the Rule 30(b)(6) WOB USVI deposition, he learned that certain representations made by WOB/WOB USVI and their counsel in the interrogatories were false. *Id.* at 5. In particular, he learned that (1) WOB was the correct Defendant; (2) "all obligations under the original WOB contract as to the STEP Program" had not been turned over to WOB USVI; and (3) WOB was the entity that dealt with the STEP program. *Id.* To support these conclusions, Rich referred generally to statements in a Joint Pretrial Order in the Texas case filed by the two WOB entities, as well as the judge's summary judgment order in that case finding certain uncontested facts that, in Rich's view, showed that WOB and WOB USVI operated as one unit and jointly executed all the work on the STEP program. He adds that all documents and witnesses were accessible to both LLCs and

produced jointly in the Texas litigation. *Id*. at 7. The Rule 30(b)(6) WOB USVI witness in this case (Cheryl Joiner) stated that WOB had full access to WOB USVI's documents but they chose not to search and produce documents responsive to requests. *Id.* at 8. WOB thus falsely answered in its interrogatories that it had nothing to do with the disaster relief program after it assigned its rights to WOB USVI and that it had no access to those documents. *Id.*

Rich then sets out eight of his interrogatories served in December 2022 and WOB's responses, and argues that, before responding, WOB failed to engage in a reasonable inquiry. *Id*. at 8-17. For example, in response to Interrogatory 1 that asked for the identification of all individuals who assisted in answering the interrogatories, WOB named five WOB employees, their titles, and addresses. *Id*. at 8-9. Rich objected, pointing out that WOB "fail[ed] to consult a single person involved in the work in St. Croix," including a person who testified in the Texas litigation on behalf of WOB (Uwe Weostendiek) and another person (James Folkestad) who worked as a Quality Control Manager on St. Croix "who would know what occurred" regarding the incident involving Rich and Shows. *Id*. at 9.

In response to Interrogatory 9, concerning who participated in the decision to terminate Rich from his job, WOB stated that Rich was not a WOB employee and WOB USVI (in its supplementary response) "falsely stated" Rich was not terminated by it, and these "false answers" were a "direct result" of WOB and WOB USVI's failure to perform the reasonable inquiry required by Rule 26(g). *Id.* at 14. Here, too, WOB should have spoken with Folkestad ("who testified that he was the one that ordered that Rich be terminated

and removed from the job"), and WOB USVI's Rule 30(b)(6) deponent (Joiner) should have spoken with "current and prior employees" before the deposition, as she said she had learned about the incident when the complaint was served. *Id.* at 14.

Rich concludes with a heading "Attorneys Fees and Costs, Clear Public Admonition, and A Jury Instruction is Warranted." *Id*. at 18. In the text under the heading, he contends that a hearing is required under Fed. R. Civ. P. 37, which would also allow the Court to determine "whether there was a flagrant failure to make a reasonable inquiry." *Id*. He then sets out a portion of Rule 37(c)(1) describing various types of sanctions for failing to comply with Rules 26(a) or (e) and cites general case law describing sanctions under Rule 26(g). *Id.* at 18-19. He concludes by asserting that WOB, WOB USVI, and their counsel cannot prove that they had substantial justification for (1) delaying fully and truthfully responding to Rich's interrogatories by falsely claiming that WOB was not a proper party— assertions contradicted by representations in the Texas case; (2) asserting three pages of general and other boilerplate objections in each interrogatory response, despite that the practice is no longer permitted; and (3) answering and supplementing interrogatory responses with false answers because they failed to do the reasonable inquiry required by Rule 26(g). *Id.* at 19. Other than a passing reference in the heading, the text of the sanctions section does not seek any particular sanction.

In its response in opposition, WOB USVI provides additional details concerning the discovery process that place the issues in this case and the Texas case in their respective contexts, and explains more fully what prompted the substitution of WOB USVI for WOB as

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 9

a Defendant. Dkt. No. 296. WOB USVI states that Rich had a three-month agreement to serve as a quality assurance inspector for a portion of the STEP Program administered by the V.I. Housing Finance Authority ("VIHFA") and funded by FEMA after the 2017 hurricanes. *Id.* at 3. WOB executed a Contract for Professional Services with the Virgin Islands Public Financing Authority ("PFA") in November 2017 to assist in coordinating hurricane recovery efforts. *Id.* Subsequently, WOB USVI, a Virgin Islands Limited Liability Company and wholly-owned subsidiary of WOB, entered into a Master Subcontractor Agreement ("MSA") with Prime in January 2018 "for purposes which ultimately lead to Plaintiff's claims." *Id.* In April 2018, WOB assigned all of its rights under the MSA to WOB USVI. *Id.* In May 2018, the PFA executed a Memorandum of Understanding with the VIHFA that allowed the VIHFA to obtain the benefit of the contract for consulting services and WOB USVI was substituted as the contracting party. *Id.* When WOB served its initial disclosures in May 2022, it provided Rich with all of these agreements except the MSA, taking the position that because of the legally valid assignment, WOB USVI was the proper party to the lawsuit. *Id.* at 4.[3]

Rich propounded written discovery on WOB in December 2022, and WOB served its responses in February 2023 (following execution of the confidentiality agreement and

---

[3] WOB USVI provided copies of the WOB contract with the V.I. Public Finance Agency, Dkt. No. 297-1, WOB's assignment of the contract to WOB USVI dated April 18, 2018, Dkt. No. 297-2, and the V.I. Public Finance Agency's Memorandum of Understanding with the V.I. Housing Finance Agency, dated May 4, 2018, Dkt. No. 297-3, which show that WOB assigned all of its interest in the contract to WOB USVI by April 2018, which was prior to the instant lawsuit being filed in Superior Court in March 2019, Dkt. No. 1-1, and being removed to federal court in May 2019. Dkt. No. 1. This assignment also preceded the January 2019 incident between Rich and Shows. Dkt. No. 17.

protective order) that included the MSA. *Id*. In June 2023, Rich agreed to substitute WOB USVI for WOB as the party defendant under Fed. R. Civ. P. 17 and 19; the Court accepted the stipulated substitution and dismissed WOB. *Id.*, citing Dkt. No. 140. This substitution was consistent with substitutions Rich's counsel had agreed to in other cases she had brought against WOB in Superior Court. *Id.* at 10-11 & n.17.

The district judge dismissed five of Rich's six claims against WOB USVI in October 2023. *Id.* at 4-5. The Court eventually granted Rich's renewed motion to extend deadlines at the end of January 2024, setting a discovery deadline for March 22, 2024. Dkt. No. 192. Rich then served WOB USVI with a second set of discovery requests on January 31, 2024, to which WOB USVI responded with supplemental responses to Rich's first and second sets of interrogatories on February 20, 2024, with supplemental responses to the first set of demands for production of documents on February 23, 2024, and supplemental responses to Rich's second set of demands for production of documents on March 19, 2024. Dkt. No. 296 at 5 (citing Dkt. Nos. 240, 252, 253, 278).

WOB USVI argues that Plaintiff's motion should be denied on numerous grounds. First, the motion is not properly before the Court because Rich failed to comply with the Local Rules of Civil Procedure—specifically Local Rule 37.1 that requires (1) parties to confer in good faith about discovery disputes under Rules 26-37 before filing *any* motion related to discovery, LRCi 37.1(a); (2) any discovery motion to be filed with a certification as to the completion of the pre-filing conference or the reason the conference could not be held, LRCI 37.1(b); and (3) a joint request for an informal conference with the magistrate

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 11

judge prior to filing any discovery motion, LRCi 37.1(c). Dkt. No. 296 at 7-8. WOB USVI

asserts that Rich's counsel disregarded these unambiguous rules by not conferring, not

holding a pre-filing conference, and not requesting an informal conference, and the Court

should deny the motion on this basis. *Id.* at 8-9.

Second, Rich's motion omitted crucial procedural history relevant to the

determination of the motion: while the parties had communications in 2022/2023 about

many of the discovery issues (which WOB USVI details), Rich did not request any informal

conferences or file any discovery motions.[4] *Id.* at 9-10. At the December 2023 status

conference, the Court made it clear it considered prior discovery issues closed and would

not entertain further discovery motions. *Id.* at 11. Thus, by waiting over two years

following initial disclosures and over one year after the close of written discovery to bring

the issues before the Court, Plaintiff waived his right to pursue additional discovery and/or

sanctions. *Id.* at 11-12.

Third, Rich did not demonstrate that sanctions under Rules 26 and 37 were

appropriate, and ignores his own unclean hands. *Id.* at 12-16. In this regard, WOB USVI

incorporated by reference its arguments and supporting case law in opposition to Rich's

first sanctions motion, Dkt. No. 290, rather than repeating them verbatim. *Id.* at 12 & n.19.

---

[4] In particular, the parties had various communications about many of the discovery issues in May 2022, Dkt. Nos. 291-1, 291-2, 291-3, 291-4. Rich did not request an informal conference with the magistrate judge, file a motion to compel, or take any other action regarding these disclosures. After WOB served its responses to Rich's interrogatories and requests for production in February 2023, Rich's counsel wrote WOB a 38-page letter on March 10, 2023 detailing alleged discovery deficiencies. Dkt. No. 296 at 10, citing Dkt. No. 291-6. WOB's counsel sought a meet-and-confer, but that did not take place. *Id.* citing Dkt. Nos. 291-7, 291-8.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 12

However, it would address the new "adjustments and arguments" Rich made in the instant motion, including omitting one of Rich's misrepresentations in the first sanctions motion that evinced Rich's lack of candor. *Id.* at 12-13. In response to Rich's argument that it failed to engage in a reasonable inquiry concerning its interrogatory responses by not speaking with former WOB USVI employees Weostendiek and Folkestad, WOB USVI states that neither was employed by either LLC at the time Rich propounded discovery. *Id.* at 13. Moreover, Rich failed to show that any of WOB's representations were untrue, explaining in detail how testimony in the Texas case by Weostendiek did not undermine WOB's position of corporate separateness in this action. *Id.* at 14. Further, WOB USVI did not dispute that Folkestad had knowledge of the events in this litigation and disclosed his name to Rich, who deposed him. *Id.* But Rich has mischaracterized Folkestad's testimony, in arguments that go to the merits of his claim (that Folkestad ordered him off the job and island when Folkestad actually said he requested that Rich and Shows be removed—i.e., off the project). *Id.* at 14-15. WOB USVI also counters Rich's arguments based on its Rule 30(b)(6) deponent which, among other things, left out Joiner's testimony regarding the scope of the internal discovery searches it made and showed Rich already had documents in his possession, which did not require WOB/WOB USVI to engage in duplicative discovery. *Id.* at 15-16 & n.23; Dkt. Nos. 279-6, 279-7.

Finally, Rich provides no authority or facts to sustain his contention that WOB was a proper party in this case. *Id.* at 16-19. Quoting Fed. R. Civ. P. 19(a)(1), WOB USVI asserts that WOB put Rich on notice that it did not claim an interest in the litigation based on the

assignment, which made WOB USVI the interested party to the contract and the proper party in this case. Rich had copies of the contract and assignment since May 2022 and had almost two years to make any inquiries regarding any lack of corporate separateness, but never did. *Id.* at 16-17. Thus, the Court should follow the premise that a parent company is generally not liable in a dispute between a subsidiary and its alleged employee in employment law contexts, and Rich's arguments are not sufficient to rebut the corporate separateness doctrine. *Id.* at 17. Moreover, the assignment contemplated circumstances where WOB could render assistance to WOB USVI following execution of the assignment. *Id*. at 18. Rich's motion represents an end-run around the discovery deadline, the Federal Rules, and the January 29, 2024 Order limiting continued discovery in this matter. *Id.*

### III.    Plaintiff's Reply

In his reply, Rich asserts he is not trying to compel discovery but to seek sanctions under Rule 26(g) based on WOB/WOB USVI and their counsel "knowingly hiding evidence and engaging in unsupportable objections" and therefore LRCi 37.1 did not apply to his motion, Dkt. No. 301 at 1-3. He states that he met and conferred with WOB (but does not say when), *id*. at 3; WOB withheld producing WOB USVI documents under Rule 26(a) from its server for two years; and he had no reason to disbelieve WOB's counsel until receiving documents from the Texas case showing it was involved in the STEP program. He quotes but does not apply to his argument the text of *Ethypharm S.A. France v. Abbott Lab'ys*, 271 F.R.D. 82, 93-94 (D. Del. 2010). *Id.* at 3-4. Although Weostendiek and Folkestad were no longer employed by WOB USVI, that did not impact its duty to conduct a reasonable Rule

26(g) inquiry, given that Weostendiek was deposed as a Rule 30(b)(6) witness in this case and was deposed in the Texas case. *Id.* at 4-7. WOB and WOB USVI's admissions in the Texas case "proved" that WOB's statements (that the two LLCs were separate organizations and WOB had no interest in the STEP program) were false. *Id.* at 7. The issue here is "who had control over the persons who engaged in tortious conduct and who they ultimately reported to, and the answer is WOB LLC and WOB USVI, together as 'Witt.'"[5] *Id.* at 10.

## DISCUSSION

### I.    Initial Matters

Among the initial matters the Court must address is—under what Rule or Rules is Rich actually seeking sanctions in this motion? The motion focuses on Rule 26(g); however, Rule 33 appears in a heading and a case parenthetical on page 2, part of Rule 37 is quoted on page 18 to support Rich's request for a hearing on the motion and in a case parenthetical on page 19, and ABA Rule 3.4 makes a cameo appearance on page 1. Dkt. No. 282. But other than Rule 26(g), which Rich discusses and explicitly attempts to apply to facts in this case, the passing references to Rules 33 and 37 and ABA Rule 3.4 fail to apply those Rules to Rich's claims or any facts, and he fails to make any arguments regarding them (other than that Rule 37 requires a hearing) in his motion. Invoking the word "sanctions," mentioning certain rules in close proximity, but not explicitly tying his request for relief to the text of a rule and showing, by substantive analysis, how the rule may apply,

---

[5] WOB's consistent response in the 2023 interrogatories was that Rich was not an employee of WOB, Dkt. No. 279-1 at 10, and that it did not have any relationship with Shows and learned about the incident when it was served with the complaint, *id.* at 16, 18.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 15

leaves such references as undeveloped and wholly inadequate. *See Pennsylvania v. U.S. Dept. of Health & Human Serv.,* 101 F.3d 939, 945 (3d Cir.1996) (stating that conclusory assertions, unaccompanied by a substantial argument, will not suffice to bring an issue before the court); *see also Perry v. Superintendent, SCI-Graterford*, No. 06-cv-1560, 2014 WL 6901851, at *13 (W.D. Pa. Dec. 5, 2014) (noting that reference to alternative relief "appears only in the heading on the first page of the Motion, and Petitioner does not further advance any argument or citation in support of entitlement to an independent action for relief. As such, we deem this issue to be waived.") (citing *Puri v. Attorney General of United States,* 516 F. App'x 186, 189 (3d Cir. 2013)). Thus, the Court will consider Rich's motion as one seeking sanctions solely under Rule 26(g).[6]

And even if the Court were to address Rich's position that, under Rule 37(c)(1)[7], the Court must set a hearing to address his motion, it would reject such a view because it misstates the law. "The advisory committee notes to Rule 37 indicate that the 'opportunity to be heard' requirement can be satisfied by either written submissions or oral hearings. *See* Fed. R. Civ. P. advisory committee's note." *Mammen v. Thomas Jefferson Univ.*, No. 20-cv-0127, 2021 WL 3782950, at *3 (E.D. Pa. Aug. 26, 2021).

---

[6] In Rich's reply, he clarifies that he is seeking sanctions only under Rule 26(g). That of course begs the question why his initial brief mentioned and/or quoted Rules 33, 37, and ABA Rule 3.4. Dkt. No. 301 at 1. The section regarding Rule 37 sanctions in his opening brief was lifted verbatim, and perhaps inadvertently, from his first sanctions motion where he was raising discovery and sanctions issues under Rule 37. Dkt. No. 282 at 18.

[7] This Rule provides, in pertinent part, that if a party fails to provide information as required by Rule 26(a) or (e), the court may sanction that party. But "[]n addition to or instead of this sanction, the court, on motion and *after giving an opportunity to be heard*" could order other sanctions as well. Fed. R. Civ. P. 37(c)(1) (emphasis added).

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 16

## II.      Rule 26(g) and Local Rule 37.1

Rule 26 of the Federal Rules of Civil Procedure requires parties to exchange certain

initial disclosures without waiting for a discovery request from other parties. Fed. R. Civ. P.

26(a)(1). While a defendant is not obligated to conduct an exhaustive search, it is obligated

under Rule 26 to disclose the information reasonably available to it. Fed. R. Civ. P.

26(a)(1)(E).

Rule 26 also establishes that by signing a discovery disclosure, an attorney or party

certifies that after a "reasonable inquiry," the disclosure is "complete and correct as of the

time it is made." Fed. R. Civ. P. 26(g)(1). The rule provides, in relevant part:

> (1) Signature Required; Effect of Signature. Every disclosure under Rule
> 26(a)(1) or (a)(3) and every discovery request, response, or objection must be
> signed by at least one attorney of record in the attorney's own name . . . . By
> signing, an attorney or party certifies that to the best of the person's knowledge,
> information, and belief formed after a reasonable inquiry:
>> (A) with respect to a disclosure, it is complete and correct as of the time
>> it is made; and
>> (B) with respect to a discovery request, response, or objection, it is:
>>> (i) consistent with these rules and warranted by existing law or
>>> by a nonfrivolous argument for extending, modifying, or
>>> reversing existing law, or for establishing new law;
>>> (ii) not interposed for any improper purpose, such as to harass,
>>> cause unnecessary delay, or needlessly increase the cost of
>>> litigation; and
>>> (iii) neither unreasonable nor unduly burdensome or expensive,
>>> considering the needs of the case, prior discovery in the case, the
>>> amount in controversy, and the importance of the issues at stake
>>> in the action.
>
> * * *
>
> (3) Sanction for Improper Certification. If a certification violates this rule
> without substantial justification, the court, on motion or on its own, must
> impose an appropriate sanction on the signer, the party on whose behalf the
> signer was acting, or both. The sanction may include an order to pay the
> reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g). "An objective standard is used to determine if a certification is reasonable." *Younes v. 7-Eleven, Inc.,* 312 F.R.D. 692, 704 (D.N.J. 2015). "Substantial justification" means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Bistrian v. Levi*, No. 08-cv-3010, 2022 WL 888878, at *8 (E.D. Pa. Mar. 25, 2022), *reconsid. den.*, 2023 WL 1100994 (E.D. Pa. Jan. 30, 2023). Courts have found that Rule 26(g) applies to answers to interrogatories. *See, e.g., Younes*, 312 F.R.D. at 704. Moreover, "a failure to disclose is considered harmless when there is no prejudice to the party entitled to disclosure." *Vogt v. Wetzel,* No. 17-cv-1407, 2022 WL 3348889, at *2 (W.D. Pa. Aug. 12, 2022) (internal quotation marks omitted).[8]

Case law provides that

Rule 26(g) does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request. Rather, the signature

---

[8] The Court notes that in *Simmonds ex rel. DH v. Evans*, No. 22-cv-0051, 2023 WL 6880139, at *5 n.5 (D.V.I. Oct. 17, 2023), it discussed the differences in a party seeking sanctions under Rules 37(c) and 26(g). The party opposing the Rule 26(g) sanction in that case applied Rule 37(c) case law. In making the point that the two Rules had different requirements (the former imposes mandatory sanctions for a violation, the latter is permissive), the Court stated that it appeared that some courts applied the statement that sanctions under Rule 37(c) would not be applied if the failure to disclose was "substantially justified or harmless" to Rule 26(g), and that the Court would not follow that approach. *Id.* Upon sua sponte reconsideration, the Court will not adhere to that dictum, and will apply the "substantially justified or harmless" standard to Rule 26(g). This makes logical sense, as the rule itself uses the term "substantial justification," Fed. R. Civ. P. 26(g)(3), and including "harmless" brings sanctions under the two rules in line with each other: it is another way of stating that the party seeking sanctions must be prejudiced by the lack of disclosure. Numerous district courts in this Circuit have applied the "substantially justified or harmless" standard to Rule 26(g) sanctions, *see, e.g., Singer v. Covista, Inc.*, No. 10-cv-6147, 2013 WL 1314593, at *9 (D.N.J. Mar. 28, 2013), and the Court will do so here.

certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand.

*State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 220 (E.D. Pa. 2008) (internal quotation marks omitted).

Local Rule 37.1 applies to all discovery disputes under Federal Rules 26-37. LRCi 37.1(a) states that "[p]rior to filing *any motion* relating to discovery pursuant to *Federal Rules of Civil Procedure 26-37*, counsel for the parties shall confer in a good faith effort to eliminate the necessity for the motion or to eliminate as many of the disputes as possible" (emphasis added). LRCi 37.1(b) requires "[a]ny motion filed" to be accompanied by "a certification of the moving party as to the completion of the pre-filing conference" or the efforts made to comply. LRCi 37.1(c) requires a pre-filing conference to be completed within 15 days after the moving party serves a written communication requesting such a conference but, if counsel cannot resolve the areas of dispute, "a joint request shall be made for an informal conference with the Magistrate Judge."

### III.  Analysis

#### A.  Procedural Reasons for Denial

Rich's first argument for Rule 26(g) sanctions concerns former Defendant WOB including general and boilerplate responses to interrogatories in early 2023 and WOB USVI's similar use of general and boilerplate responses in 2024, and his second argument concerns WOB's supposed false representations and failure to review WOB USVI documents when answering the 2023 interrogatories. A significant problem with Rich's

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 19

approach is that he does not address, much less provide any authority in his opening brief

for the Court to hold that WOB—a former Defendant that has not been part of this case for

ten months—may be liable for discovery sanctions at this point in time. Rich provides no

analysis regarding the structure of the two LLCs (WOB and WOB USVI) to show that

imposing sanctions on WOB would be permissible because, for example, WOB USVI was the

alter ego of WOB and thus it could not assert the corporate separateness of the two entities.

While WOB USVI provided analysis under Fed. R. Civ. P. 19 why WOB was not the proper

party to the litigation, Dkt. No. 296 at 16-17, Rich asserts in passing that "whether or not

[the two LLCs] are technically 'separate entities' is not the point" and neither was whether

WOB claimed an interest in the litigation the point, since WOB still had access to WOB

USVI's files (and should have reviewed them) and former employees. Dkt. No. 301 at 7-8,

10. Rich reiterates that WOB "falsely claimed it was not a proper party," *id.* at 10. This does

not rebut WOB USVI's argument. [9]

But even if Rich could seek sanctions against WOB as a dismissed party and separate

entity from WOB USVI, Local Rule of Civil Procedure 37.1 forecloses such relief. As stated

---

[9] Case law provides that "the corporate form should not be disregarded lightly. . . .The Virgin Islands, as in other jurisdictions, will respect corporate separateness unless presented with a compelling reason to disregard such a well-entrenched concept." *Cesar Castillo, Inc. v. Healthcare Enterprises, L.L.C.,* No. 12-cv-0108, 2016 WL 5660437, at *3 (D.V.I. Sept. 27, 2016) (internal quotation marks, citations, and alterations omitted); *see also Dream Eng'g & Trucking, LLC v. Majestic Constr., Inc.,* 2019 VI SUPER 57U, ¶ 10 (V.I. Super. Apr. 23, 2019) ("In the Virgin Islands, the law may disregard the corporate separateness "only in those circumstances where the shareholder has exercised such domination and control over the corporation that the corporation has become an alter ego of the shareholder, and where the shareholder has utilized the corporate form to perpetuate the fraud or injustice at issue in the litigation.") (internal quotation marks omitted).

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 20

above, in this District, "any motion" relating to discovery issues under Federal Rules 26-37 must follow the steps provided in LRCi 37.1(a), (b), and (c) to resolve such disputes. This wording is extremely broad and encompasses the disputes Rich raises here that underlie his request for sanctions under Fed. R. Civ. P. 26(g), as well as the motion for sanctions itself, because he is challenging the sufficiency and form of WOB's and WOB USVI's interrogatory responses and seeking sanctions for the same. In his reply, Rich attempts to sidestep the applicability of LRCi 37.1 to his motion by focusing on the fact that he is seeking sanctions under Rule 26(g), not that he was attempting to compel information. Dkt. No. 301 at 1-2. But as indicated above, Rule 37.1 governs "*any motion*" involving discovery under "Rules *26*-37," and Rich's motion for sanctions, brought under Rule 26(g), would come under its purview by the Local Rule's plain text, just as a motion for sanctions under Rule 37 would—even if he had not filed a motion to compel. The Local Rule is geared to reducing discovery disputes, and this is such a dispute. And while issues regarding compliance with LRCi 37.1 have previously come before the Court in the context of motions to compel, the fact that it arises here with regard to Rule 26(g) sanctions is a distinction without a difference, as LRCi 37.1, by its terms, applies to discovery issues under Rule 26.

The Court concludes that LRCi 37.1 applies to his request for discovery sanctions under Rule 26(g). Rich asserts in his reply that he sought concurrence in the motion, which was denied, Dkt. No. 301 at 1, and "even if there was a meet and confer requirement applicable to this issue, Rich did so and told WOB that its discovery responses were insufficient," *id.* at 3. The ambiguity of these statements is telling, as Rich fails to specify

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 21

when he did so, and to provide any details about the purported concurrence and the meet and confer. The record shows that he emailed WOB USVI a request at (3:39 p.m.) on March 22, 2024 asking whether WOB would concur in the filing of the instant 22-page sanctions motion by 4:30 p.m. that day. Dkt. No. 297-8. If anything, that was a request for a concurrence under LRCi 7.1(f), not under LRCi 37.1(a) where the parties are to "confer in good faith to eliminate the necessity for the motion or eliminate as many disputes as possible." And Rich does not point to any document in which he: (1) "told WOB that its discovery responses were insufficient," (2) attempted to arrange an attorney's conference to discuss the issue, or (3) requested an informal conference with the undersigned, to comply with LRCi 37.1's requirements. That is because he did not do so and attempts an end run around this rule by claiming it does not apply. The record is clear that, despite some correspondence in early 2023 about the interrogatories, *see* Dkt. No. 296 at 8-10. Rich never met and conferred with WOB, and never made a joint request to the magistrate judge regarding its problems with WOB's responses to the interrogatories in 2023 or with WOB USVI's supplemental responses in 2024—issues that underlay the sanctions motion— or the sanctions motion itself, in an attempt to resolve the discovery issues and the related sanctions issues without court involvement.

The Court notes that Rich was served with the documents to the Texas case on February 24, 2024 and the discovery period closed on March 22, 2024. Thus, he had a month in which he could have challenged WOB USVI's supplemental responses (for example, claiming the boilerplate responses were improper) under LRCi 37.1, perhaps

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 22

avoiding a sanctions motion. But he did not do so,[10] and filed the sanctions motion on the last day of the second discovery period.

The sanctions Rich seeks for various purported discovery violations related to WOB's 2023 and WOB USVI's 2024 discovery responses will be denied for failure to comply with LRCi 37.1.[11] *Cf Rich v. Witt O'Brien's USVI, LLC*, 1:19-cv-00022 (D.V.I. Mar. 19, 2024) (denying motion to compel, in part, for failure to comply with LRCI 37.1); *Hammerhead Constr. LLC v. Hoffman*, 3:23-cv-14, 2024 WL 181559, at *4-*5 (D.V.I. Jan. 17, 2024) (same).

### B. Substantive Reasons for Denial

As indicated above, Rich complains that WOB's 2023 responses to his interrogatories contained three pages of general objections, and WOB USVI's supplement to those responses in 2024 contained the same general objections and a string of specific objections, warranting sanctions under Rule 26(g). Dkt. No. 282 at 3; *see id*. at 19. The three cases that he cites providing that general and boilerplate objections are improper—*Harding,* 914 F. Supp. at 1102, *Raymo*, 2020 WL 12764379, at *1, and *Great Lakes Ins. S.E.*, 2020 WL 9809840, at *3--support that general proposition. Dkt. No. 282 at 3. However, in those cases, the party opposing discovery offered only general objections, which basically

---

[10] The recent motion to compel that Rich filed concerned only the timing of WOB USVI's responses to his discovery requests, not the substance. Dkt. No. 274.

[11] Rich's attorney provides no reason why she did not avail herself of the procedures provided in LRCi 37.1(c) to challenge any of WOB's or WOB USVI's responses to discovery that she found both objectionable and sanctionable. This is the more curious because Rich's counsel has in fact followed that procedure in this case, when contesting discovery responses from Defendants. Dkt. Nos. 132, 134. As late as February 2024, Rich's counsel followed the LRCi 37.1 procedure in seeking an informal conference with the Court regarding Prime's discovery responses in the February-March 2024 discovery period where Rich sought documents from the Texas litigation from Prime.

resulted in evasive responses. That did not happen here, as explained below. And while those three courts overruled defendants' general relevancy objections in the context of motions to compel, they did not sanction them for raising general objections under either Rules 26(g) or 33.

Rich's motion speaks in broad generalities and conclusory terms about WOB's and WOB USVI's actions in interposing general and boilerplate objections which merit sanctions because they violate case law and are not permitted. But given this alleged discovery impropriety, Rich never explains how these responses violated Rule 26(g) by not being correct and complete responses after a reasonable inquiry, or how they actually prejudiced him, thereby impacting his remaining negligent retention claim against WOB USVI.. He insists that the interposition of general responses in and of themselves is sufficient to warrant sanctions but provides no authority showing that to be the case, nor any analysis showing why such sanctions would be just. *Clientron Corp.*, 894 F.3d at 580,

In addition, while WOB and WOB USVI did respond with general objections, they followed those general objections with *specific responses* to Rich's discovery requests, which can be seen in the objections to the interrogatories that Rich includes in his motion. Each response began with one sentence incorporating the general objections, one sentence providing specific objections, and then included a specific response(s). Dkt. No. 282 at 8-17. And Rich did not, apparently, view those specific interrogatory responses as so objectionable and non-responsive as to seek a Rule 37.1 conference with the undersigned, followed by a motion to compel. Thus, it is hard to understand how Rich could find those

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 24

general objections so offensive now to warrant sanctions under Rule 26(g). The Court rejects this argument as meritless.

Rich's second argument for seeking Rule 26(g) sanctions is based on his theory that WOB failed to engage in a reasonable inquiry in responding to his interrogatories. Dkt. No. 282 at 3. His reasoning is convoluted, but he appears to base his argument on the alleged falsity of WOB's assertions that it was not the proper party and had nothing to do with the STEP program (and that WOB USVI was the proper party). Dkt. No. 282 at 5. As support for that proposition, Rich cites documents and deposition testimony from the Texas case showing that both LLCs operated as one and jointly executed the STEP program, and that WOB USVI's Rule 30(b)(6) deponent, Cheryl Joiner, admitted she had full access to WOB USVI documents but did not search them when responding to the interrogatories in 2023. *Id.* at 5-8, 19.

First, the Court rejects Rich's argument given that it is largely based on selected information (deposition testimony, documents, and court findings) from the Texas case. Dkt. No. 282 at 3-11. Rich imports certain information into this case to show that the two LLCs operated together in that litigation and therefore the position WOB took in this litigation (that they were separate) was false, impacted the interrogatory responses, and warranted sanctions. But nowhere does Rich explain under what authority this Court may import findings by a judge or snippets from deposition testimony in the Texas case into this case. Rich has not asked this Court to take judicial notice of the Texas documents; rather, he summarizes certain of those documents (out of thousands filed in that case) and blithely

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 25

asks the Court to accept them and his summary for the truth of the matters asserted therein, without any analysis regarding why that might be permissible—when case law unequivocally provides that it is not. *See Hargus v. Ferocious & Impetuous, LLC*, No. 13-cv-0111, 2015 WL 1743049, at *5 (D.V.I. Apr. 14, 2015) (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) for proposition that a court may not take judicial notice of another court's opinion "for the truth of the facts recited therein," and *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991), stating "courts routinely take judicial notice of documents filed in other courts, [] not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."); *see also Rich v. Nathan Rice, Inc.*, No. 21-cv-90, 2022 WL 3716551, at *1 (W.D. Pa. May 18, 2022) (quoting, *inter alia, Roach v. Snook*, No. 14-cv-00583, 2014 WL 7467000, at *2 (D. Or. Jan. 5, 2014) ("The contents of a deposition are not a clearly established 'fact' and are therefore inappropriate for judicial notice.")).

Given that was Rich's main premise for sanctions under his second argument, it is unclear what part of that argument remains. He complains that WOB reviewed its own documents, but not documents from WOB USVI it had on its servers, when it responded to the initial discovery exchanges and 2022 interrogatories, thereby giving "false answers" and thereby not making a "reasonable inquiry."[12] Dkt. No. 282 at 19. But here, too, the same

---

[12] Rich also posits that WOB should have asked additional people for their input in responding to the interrogatories, presumably because doing so would have provided answers more in line with his theory of the case (for example, Rich interprets a statement in Folkestad's deposition as "order[ing] Rich off the job and the island," Dkt. No. 282 at 12, citing Dkt. No. 282-2 at 7, when his testimony actually was that "I got a hold of the Prime

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 26

problem that impacted his first argument regarding boilerplate objections infects his

second argument. Even assuming for the sake of argument that WOB[13] should have

reviewed these records in responding to its initial disclosure obligations and his

interrogatories, what Rich never mentions is how he was harmed by WOB not doing so at

that time.[14] That point is underscored because the Court permitted WOB USVI to

supplement WOB's discovery during the January 29-March 22, 2024 discovery period

(since prior discovery in 2023 had come from WOB). Rich cites no interrogatory answers

from the 2024 supplement showing that, with new information provided by WOB USVI, the

interrogatory answers provided by WOB in 2023 were not "complete and correct" at the

time they were made and how he was prejudiced—in particular, how the alleged

incomplete review may have adversely impacted his ability to support his remaining

negligent retention claim against WOB USVI (or any of his other claims against WOB USVI).

*See* Fed. R. Civ. P. 26(g)(1).

---

rep and said I wanted those two individuals off the project[.]"). But Rich does not explain
how not involving Folkestad—at that point, a former employee—in responding to the
interrogatories was unreasonable or not substantially justified, or even how the answers
WOB did provide were untruthful. Simply because Folkestad was around when the
altercation between Rich and Shows took place, but did not see it, Dkt. No. 282-2 at 6, does
not lead to the conclusion that WOB's attorneys failed in their obligations under Rule 26(g)
by not consulting him in responding to the interrogatories (when they consulted five other
people). Dkt. No. 282 at 8-9.
[13] Rich named WOB as the Defendant. Even with the information WOB provided as part of
the initial disclosures that WOB USVI was the correct party, Rich still directed his
interrogatories to WOB. Dkt. No. 279-1. In answering those interrogatories, WOB often
stated that it had assigned its rights, *see, e.g.,* Dkt. No. 279-1 at 8.
[14] WOB USVI points out that certain documents cited by Rich that he did not receive in
response were documents he already had in his possession, Dkt. No. 296 at 15, which
underscores a lack of prejudice to Rich.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 27

This leads to the inevitable conclusion that, even if WOB (and its counsel) should have reviewed the WOB USVI documents that may have been on the WOB server—which it had a substantial justification for not doing, given the fact they were two entities and the request was directed to WOB, *Bistrian*, 2022 WL 888878, at *8—WOB's alleged failure was harmless and does not warrant sanctions. *See Vogt*, 2022 WL 3348889, at *2 ("[A] failure to disclose is considered harmless when there is no prejudice to the party entitled to disclosure."); *see also Stevens v. Sullum*, No. 3:20-CV-01911, 2023 WL 3311850, at *5 (M.D. Pa. May 8, 2023) ("Rule 26(g) does not require perfection and does not impose an unreasonably high burden on litigants. It simply requires that a reasonable inquiry be made into the factual basis of a discovery response and that responses to discovery be complete and correct when made.") (internal quotation marks omitted).

In addition, Rich's charges that WOB's answers were "false" go to the merits of the case—"who had control over the persons who engaged in tortious conduct and who they ultimately reported to," Dkt. No. 301 at 10—as opposed to whether WOB/WOB USVI and their counsel made reasonable inquiries and the disclosure was complete and correct at the time it was made, pursuant to Rule 26(g). Certification does not require an attorney to verify the truthfulness of the discovery responses. *See State Farm Mut. Auto. Ins. Co.* 250 F.R.D. at 220 ("Rule 26(g) does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request" and holding that "Rule 26(g) only governs certification, and cannot be the basis for sanctioning an allegedly improper

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 28

verification."). When the smoke clears, Rich has not shown that WOB/WOB USVI and their counsel violated Rule 26(g).

Finally, and oddly, despite proffering a 20-page brief seeking sanctions under Rule 26(g), and setting out in a heading that "Attorney Fees and Costs, Clear Public Admonition, and a Jury Instruction is Warranted," nowhere in the text of the brief does Rich ask for specific sanctions, and why. Dkt. No. 282 at 18. "The grant of sanction[s], if any, must be based on a particularized motion that advises the offending party of the form of relief that is requested so that notice and an opportunity to be heard regarding the type of sanctions to be awarded is afforded. On this basis alone, the Court concludes that Plaintiff has not satisfied its burden of showing entitlement to the relief requested." *Stevens*, 2023 WL 3311850, at *5 (internal citation omitted); *see also Vogt*, 2022 WL 3348889, at *2; *Vay v. Huston*, No. 14-cv-769, 2016 WL 1408116, at *5 (W.D. Pa. Apr. 11, 2016). The same result in *Stevens* obtains here.

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Plaintiff's "Motion for Sanctions Against Counsel for Witt O'Brien's LLC and Witt O'Brien's, USVI LLC for Failure to Conduct Reasonable Inquiry in Answering Rich's Interrogatories," Dkt. No. 282, is **DENIED**.

ENTER:

Dated: April 25, 2024

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE