**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **CHARLES RICH,** | |
| Plaintiff, | 1:19-cv-00022-RAM-EAH |
| v. | |
| **WITT O'BRIEN'S, USVI, LLC, LEVETATED CAREERS, INC., and PRIME UNIVERSAL GROUP, LLC,** | |
| Defendants. | |

COUNSEL:   Lee J. Rohn, Esq.
                     *On behalf of Plaintiff*
               Sofia L. Mitchell, Esq.
               Adam G. Christian, Esq.
               Michael Robert Francisco, Esq.
                     *On behalf of Defendant Witt O'Brien's, USVI, LLC*
               Kyle R. Waldner, Esq.
                     *On behalf of Defendant Levetated Careers, Inc.*
               Zachary Doniger, Esq.
               Chivonne Thomas, Esq.
               Jennifer Quildon Brooks, Esq.
                     *On behalf of Defendant Prime Universal Group, LLC*

**ORDER**

**THIS MATTER** comes before the Court on the "Motion for Sanctions Against Prime for Discovery Abuse," filed on March 22, 2024 by Plaintiff Charles "Randy" Rich. Dkt. No. 283. Rich asks the Court to sanction Defendant Prime Universal Group, LLC ("Prime") and its counsel under Fed. R. Civ. P. 26(g) and for a hearing, for failing to truthfully respond to Prime's requests for production and interrogatories. *Id.* Prime filed an opposition, Dkt. No. 295, and Rich filed a reply, Dkt. No. 300. For the reasons that follow, the Court will deny the motion.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 2

## BACKGROUND

### I.   General Procedural History

In order to put this sanctions motion in context, the Court will summarize the procedural history of this case. In March 2019, Plaintiff Rich filed a complaint in the Superior Court of the Virgin Islands against Defendants Witt O'Brien's, LLC ("WOB"), Levetated Careers Inc., and Prime. Dkt. No. 1-1. WOB removed the case to district court in May 2019, and Rich amended his complaint in June 2019. Dkt. No. 17. Rich generally alleged that, in October 2018, he was hired as a Quality Assurance House Inspector after the 2017 hurricanes in the Virgin Islands and moved to St. Croix.[1] *Id.*, ¶¶ 12, 16. At the end of January 2019/early February 2019, Hugh Shows, "an employee of Defendants" was involved in an altercation with Rich and, a couple of days later, Rich was fired. *Id.* ¶¶ 37-38, 42-45, 51. Rich alleged claims of fraudulent and/or negligent misrepresentation; separate counts of tortious interference with contract by WOB and Prime; negligent retention of Shows; and breach of the duty of good faith and fair dealing. *Id.* at 9-12. Rich filed a motion to remand in May 2019, Dkt. No. 6; WOB, Levetated, and Prime filed motions to dismiss. Dkt. Nos. 18, 19, 64. Following jurisdictional discovery, the remand motion was eventually denied in July 2021. Dkt. Nos. 53, 54.

---

[1] In response to the hurricanes, the U.S.V.I. Department of Housing [V.I. Housing Finance Authority] instituted the FEMA-funded Sheltering and Temporary Essential Power ("STEP") Emergency Home Repair Program. As part of that program, Prime provided Quality Assurance Inspectors, hired by Levetated on behalf of Prime, including Rich, to work in the U.S. Virgin Islands. Dkt. No. 17 ¶¶ 10-12.

On April 29, 2022, Prime served its Rule 26 initial disclosures. Dkt. No. 70. In June 2022, the Court issued a Scheduling Order that, inter alia, set the fact discovery deadline for February 28, 2023 and a trial date for February 26, 2024. Dkt. No. 85. However, Plaintiff served no discovery on Defendants until December 2022. Dkt. Nos. 88-96. Prime served discovery requests on Plaintiff in January 2023, Dkt. No. 105, and responses in January and February 2023. Dkt. Nos. 108, 111. Rich responded to Prime's discovery requests in February 2023. Dkt. Nos. 115, 116. In February 2023, the parties stipulated to the entry of a confidentiality agreement and protective order. Dkt. Nos. 112, 114.

Following an informal conference with the undersigned in April 2023 pursuant to LRCi 37.1, Rich filed a motion to compel Prime to supplement its discovery responses, setting forth fourteen of his demands for production and twelve interrogatories to which, he argued, Prime's responses were nonresponsive or incomplete. Dkt. No. 132. The Court ordered Prime to supplement its responses and then granted Rich's motion to compel in June 2023 when Prime had not done so. Dkt. No. 134. In October 2023, the District Judge granted in part and denied in part the motions to dismiss that had been filed by the Defendants. Dkt. Nos. 114, 115. Only two causes of action remained against Prime: negligent retention of Hugh Shows and fraudulent misrepresentation. *Id.*

On November 7, 2023, Rich filed a motion for sanctions against Prime for its failure to comply with the June 2023 Order to supplement its discovery responses. Dkt. No. 145. The Court granted the motion, Dkt. No. 147, and, in late November 2023, Prime filed a

...

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 4

notice that it served its supplemental responses to interrogatories, requests for production, and amended privilege log in response to the Court Order. Dkt. No. 148.

Also in late November, Plaintiff sought an informal conference with the Court, pursuant to LRCi 37.1(c), to resolve discovery disputes with Levetated. At a December 22, 2023 status conference, the Court stated it would not hold the informal discovery conference that Plaintiff had requested because discovery had concluded long ago, the deadlines had passed without any motion for an extension, and the next deadline in the operative Scheduling Order, Dkt. No. 85, was a January 5, 2024 date for Plaintiff to deliver to Defendants his part of the Joint Pretrial Statement, with trial scheduled for February 26, 2024. The parties orally requested an extension of the Scheduling Order deadlines; the Court permitted them to file motions for extension of the deadlines, in which they were to specifically explain how their actions constituted excusable neglect. Dkt. No. 157. On January 1, 2024, the Court denied the motions to modify the scheduling order, extend the pretrial deadlines, and continue the trial, concluding that the parties had failed to show good cause or excusable neglect in ignoring the Scheduling Order's deadlines and seeking to extend them so late. Dkt. No. 163.

The Defendants filed answers to the complaint, Dkt. Nos. 164, 168, 170, and the Court denied Plaintiff's motion to amend the amended complaint, Dkt. No. 173. On January 25, 2024, Rich filed a renewed motion to extend the pretrial deadlines. Dkt. No. 189. On January 29, 2024, the Court granted that motion in part, concluding that Rich would be prejudiced by not being able to conduct discovery on the affirmative defenses recently set

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 5

forth by Defendants in their answers. Dkt. No. 192. The Order set a March 22, 2024 deadline for the close of fact discovery, permitting Rich to serve written discovery on Defendants Prime and Levetated only in relation to the affirmative defenses raised in their answers. *Id*. It warned that no further extensions of the deadlines would be permitted. *Id.*

On March 20, 2024, Rich filed a "Motion for Sanctions for Discovery Abuses as to Witt O'Brien's USVI, LLC, Witt O'Brien's, LLC and Its Counsel." Dkt. No. 279. On March 22, he filed a "Motion for Sanctions against Counsel for Witt O'Brien's, LLC and Witt O'Brien's USVI, LLC for Failure to Conduct Reasonable Inquiry in Answering Rich's Interrogatories," Dkt. No. 282, as well as the instant sanctions motion against Prime, Dkt. No. 283.

## II. Rich's Sanctions Motion; Prime's Response

In his motion, Rich seeks sanctions against Prime and its counsel under Fed. R. Civ. P. 26(g) for providing alleged false answers that resulted, in part, from failing to conduct a reasonable inquiry during discovery when responding to his Requests for Production ("RFPs") and interrogatories. Dkt. No. 283. He sets forth many of his RFPs and interrogatories and describes how Prime's responses to his initial discovery requests in January and February 2023, or its supplemental responses in June and November 2023, were variously improper and/or false. He asserts that he learned from the February 2024 Rule 30(b)(6) deposition by Prime's witness that Prime had not produced certain documents at all in response to certain RFPs (e.g. RFP 4, 12, 16, 17, 24) or Prime produced them late (e.g. RFP 8, 18, 20), or another party produced them (RFP 12, interrogatory 21). Rich also complains that Prime interposed improper objections to interrogatories (e.g.

interrogatories 2, 9, 19), and false answers, given what Rich learned in later-produced emails and deposition testimony (e.g. RFP 24, interrogatories 4, 6, 7, 9, 11, 14, 15, 18, 20). For example, Rich focuses on a January 26, 2019 email from Art Valdez, a Prime employee, to Jason Embry and Leigh Wright (who are unidentified) with cc's to other unidentified people, stating: "We will need to remove Randy Rich and Hugh Show from this project immediately. We are still gathering all the information and if all possible we need them gone today. Please advise or we will schedule the flight ourselves and ask for reimbursement." Dkt. No. 283-6. The Bates number shows that this email was produced by Prime. *Id.* Rich argues that Prime "purposefully withheld" this email showing that Shows was in an altercation and Prime was removing him from the job, which would have "shown Prime's involvement and control over Shows"; thus, Prime provided a "knowingly false response" to three RFPs (18, 19, 20) asking about Prime's reports and communications regarding Shows.[2] Dkt. No. 283 at 5. If the email was not "knowingly withheld," Rich asserted that it showed that Prime "failed to perform any inquiry, far less a reasonably inquiry, before responding." *Id*. at 5-6.

As another example, Rich points to RFP 4, seeking documents pertaining to his employment (such as employee handbooks), where Prime (again) responded that it did "not have access to the breadth of this documentation, as Rich was not a Prime employee." *Id.* at 3. Rich asserts this response was false, as certain responsive documents (i.e. Rich's

---

[2] Prime responded to these RFPs by stating that it "does not have access to the breadth of this documentation, as Hugh Shows was not a Prime employee. This inquiry is best answered by another defendant." Dkt. No. 283 at 5.

receipt of Prime's Sexual Harassment Policy, Dkt. No. 283-2) was produced by Levetated, and Prime's 30(b)(6) witness, Gabriel Hilario testified in February 2024 that Prime had paid for Rich's transportation and housing, but those documents have never been produced. Dkt. No. 283 at 3.

Rich concludes with a heading "Attorneys Fees and Costs, Clear Public Admonition, and A Jury Instruction is Warranted." *Id*. at 14. In the text under the heading, he contends that a hearing is required under Fed. R. Civ. P. 37, which would also allow the Court to determine "whether there was a flagrant failure to make a reasonable inquiry." *Id*. He then sets out a portion of Rule 37(c)(1) describing various types of sanctions for failing to comply with Rules 26(a) or (e) and cites general case law describing sanctions under Rule 26(g). *Id.* at 14-15. He asserts that Prime and its counsel "cannot meet their burden of proving substantial justification for their conduct: failing to truthfully respond to Rich's interrogatories and DFPs because they either intentionally sought to hide information or, at a minimum, failed to do conduct the reasonable inquiry required by Rule 26(g)." *Id*. at 15.

In its response in opposition, Prime contends that its discovery responses were proper and complied with the federal and local discovery rules, and that Rich seeks to "improperly bypass the jury trial on the issue of whether he is a Prime employee by attempting to litigate the merits of that issue via an improper discovery related Motion for Sanctions." Dkt. No. 295 at 1; *see also id.* at 5, 8-9 (arguing that Rich seeks a discovery order from the court declaring Rich and Shows were Prime employees). Prime states that its position has consistently been that Rich was not a Prime employee—a position that Rich

opposes—but that is no basis for sanctions, especially after the close of discovery. *Id.* at 3-6, 11; *see id*. at 13, 17. Prime counters Rich's various arguments concerning specific responses it made to Rich's RFPs and interrogatories. For example, Rich's argument that co-Defendant Levetated produced documents that it deemed responsive to Rich's discovery requests (i.e. the Prime Employee Handbook), rendering Prime's interrogatory answers dishonest and sanctionable, is meritless, as Prime has always taken the position that Rich was not a Prime employee. *Id.* at 15.

In his reply, Rich asserts that his sanctions motion had nothing to do with whether he was a Prime employee, as he has conceded he was a Levetated employee. Dkt. No. 300 at 1. He cites deposition testimony from Hilario, Prime's Rule 30(b)(6) witness, that the witness did not recall seeing Rich's Demand for Production and did not look for or recall that he needed to produce Valdez's emails. *Id.* at 3. He cites additional documents that he learned about during that deposition that Prime has never produced, *id.* at 5, and claims numerous discovery responses were "sanctionable" based primarily on answers given during that deposition. *Id*. at 6-9.

## DISCUSSION

### I. Initial Matter

Although Rich's motion seeks relief under Rule 26(g), he also quotes Rule 37(c)(1)[3] to support his request for a hearing on his motion. Dkt. No. 283 at 14-15, without

---

[3] This Rule provides, in pertinent part, that if a party fails to provide information as required by Rule 26(a) or (e), the court may sanction that party. But "[]n addition to or instead of this sanction, the court, on motion and *after giving an opportunity to be heard*"

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 9

explaining how that Rule applies to Rule 26(g) motions. Even if the Court were to consider his argument, it would reject Rich's view because it misstates the law. "The advisory committee notes to Rule 37 indicate that the 'opportunity to be heard' requirement can be satisfied by either written submissions or oral hearings. *See* Fed. R. Civ. P. advisory committee's note." *Mammen v. Thomas Jefferson Univ.*, No. 20-cv-0127, 2021 WL 3782950, at *3 (E.D. Pa. Aug. 26, 2021).

##  II.     Rule 26(g) and Local Rule 37.1

Rule 26 of the Federal Rules of Civil Procedure requires parties to exchange certain initial disclosures without waiting for a discovery request from other parties. Fed. R. Civ. P. 26(a)(1). While a defendant is not obligated to conduct an exhaustive search, it is obligated under Rule 26 to disclose the information reasonably available to it. Fed. R. Civ. P. 26(a)(1)(E). Rule 26 also establishes that by signing a discovery disclosure, an attorney or party certifies that after a "reasonable inquiry," the disclosure is "complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1). The rule provides, in relevant part:

> (1) Signature Required; Effect of Signature. Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name . . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>     (A) with respect to a disclosure, it is complete and correct as of the time it is made; and
>     (B) with respect to a discovery request, response, or objection, it is:
>         (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

---

could order other sanctions as well. Fed. R. Civ. P. 37(c)(1) (emphasis added).

> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.
>
> * * *
>
> (3) Sanction for Improper Certification. If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g). "An objective standard is used to determine if a certification is reasonable." *Younes v. 7-Eleven, Inc.,* 312 F.R.D. 692, 704 (D.N.J. 2015). "Substantial justification" means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Bistrian v. Levi*, No. 08-cv-3010, 2022 WL 888878, at *8 (E.D. Pa. Mar. 25, 2022), *reconsid. den.,* 2023 WL 1100994 (E.D. Pa. Jan. 30, 2023). "Unless the offending conduct is harmless, a violation of Rule 26(g) without substantial justification must result in the imposition of sanctions." *Younes*, 312 F.R.D. at 703. A failure to disclose "is considered harmless when there is no prejudice to the party entitled to disclosure." *Vogt v. Wetzel,* No. 17-cv-1407, 2022 WL 3348889, at *2 (W.D. Pa. Aug. 12, 2022) (internal quotation marks omitted).[4]

---

[4] The Court notes that in *Simmonds ex rel. DH v. Evans*, No. 22-cv-0051, 2023 WL 6880139, at *5 n.5 (D.V.I. Oct. 17, 2023), it discussed the differences in a party seeking sanctions under Rules 37(c) and 26(g). The party opposing the Rule 26(g) sanction in that case applied Rule 37(c) case law. In making the point that the two Rules had different requirements (the former imposed mandatory sanctions for a violation, the latter was

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 11

Case law also provides that

> Rule 26(g) does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request. Rather, the signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand.

*State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 220 (E.D. Pa. 2008) (internal quotation marks omitted).

Local Rule 37.1 applies to all discovery disputes under Federal Rules 26-37. LRCi 37.1(a) states that "[p]rior to filing *any motion* relating to discovery pursuant to *Federal Rules of Civil Procedure 26-37*, counsel for the parties shall confer in a good faith effort to eliminate the necessity for the motion or to eliminate as many of the disputes as possible" (emphasis added). LRCi 37.1(b) requires "[a]ny motion filed" to be accompanied by "a certification of the moving party as to the completion of the pre-filing conference" or the efforts made to comply. LRCi 37.1(c) requires a pre-filing conference to be completed within 15 days after the moving party serves a written communication requesting such a

---

permissive), the Court stated that it appeared that some courts applied the statement that sanctions under Rule 37(c) would not be applied if the failure to disclose was "substantially justified or harmless" to Rule 26(g), and that the Court would not follow that approach. *Id.* Upon sua sponte reconsideration, the Court will not adhere to that dictum, and will apply the "substantially justified or harmless" standard to Rule 26(g). This makes logical sense, as the rule itself uses the term "substantial justification," Fed. R. Civ. P. 26(g)(3), and including "harmless" brings sanctions under the two rules in line with each other: it is another way of stating that the party seeking sanctions must be prejudiced by the lack of disclosure. Numerous district courts in this Circuit have applied the "substantially justified or harmless" standard to Rule 26(g) sanctions, *see, e.g., Singer v. Covista, Inc.*, No. 10-cv-6147, 2013 WL 1314593, at *9 (D.N.J. Mar. 28, 2013), and the Court will do so here.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 12

conference but, if counsel cannot resolve the areas of dispute, "a joint request shall be made for an informal conference with the Magistrate Judge."

### III. Analysis

#### A. Procedural Reason for Denial

As the Court has noted in its Orders denying Rich's similar motions for sanctions under Rule 26(g) against Defendant Witt O'Brien's USVI, Dkt. Nos. 307, 308, Local Rule of Civil Procedure 37.1 forecloses the relief he seeks. As indicated above, that Local Rule requires "any motion" in this District relating to discovery issues under Federal Rules 26-37 to follow the steps provided in LRCi 37.1(a), (b), and (c) to resolve such disputes with the goal of "eliminat[ing] the necessity for the motion or . . . eliminat[ing] as many of the disputes as possible." LRCi 37.1(a). Given that LRCi 37.1 broadly applies to "any motion" under Fed. R. Civ. P. 26-37, and given that Rich's sanctions motion falls under 26, the Court concludes that Rich was required to comply with the terms of LRCi 37.1 prior to filing the instant sanctions motion.

While the Court has no information to assess whether Rich complied with LRCi 37.1(a), it concludes that he did not comply with LRCi 37.1(b) because the sanctions motion contains no certification, and he did not comply with LRCi 37.1(c) because the Court received no request for an informal conference to resolve his Rule 26(g) discovery issues. The Court will therefore deny Rich's sanctions motion for failure to comply with LRCi 37.1 *Cf Rich v. Witt O'Brien's USVI, LLC*, 1:19-cv-00022 (D.V.I. Mar. 19, 2024) (denying

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 13

motion to compel, in part, for failure to comply with LRCI 37.1); *Hammerhead Constr. LLC v. Hoffman*, 3:23-cv-14, 2024 WL 181559, at *4-*5 (D.V.I. Jan. 17, 2024) (same).

### B. Substantive Reasons for Denial

Rich's primary argument for Rule 26(g) sanctions appears to be that he learned in February 2024 depositions and through supplemental discovery by Prime, and in discovery responses provided by other Defendants, that over a dozen RFPs and interrogatories that Prime responded to in January/February 2023, as well as a few supplemental responses Prime responded to in June or November 2023, were later shown to be "false." He also complains that certain responses were objectionable and Prime produced responses late.[5] He concludes that Prime either intentionally sought to hide information or did not conduct a reasonable inquiry. Dkt. No. 283 at 15. Prime essentially argues that its responses were substantially justified because it answered all of his requests, despite its objections, but Rich does not like its answers, as it has always maintained that Rich was not a Prime employee. Dkt. No. 295 at 10-15.

---

[5] The Court is constrained to observe that, in replying to Prime's less-than-responsive answers to his RFPs and interrogatories, Rich followed LRCI 37.1 and he and Prime had an informal conference with the undersigned which resulted in the Court directing Prime to supplement certain responses. When Prime did not sufficiently follow through, Rich filed a motion to compel which the Court granted, and later, a motion for sanctions which the Court also granted. Dkt. Nos. 132, 134, 145, 147. But in that earlier motion practice, Rich raised a number of issues about improper objections that he has repeated in his instant sanctions motion. For example, he criticizes Prime's failure to use Bates numbers on its responsive documents and its interposing general objections that were not supported (i.e. privilege), Dkt. No. 283 at 3, 14, which were addressed during the informal conference. This is all to say that Rich has already had and has already exercised his opportunity to challenge Prime's discovery responses, which resulted in sanctions under Rule 37. In the Court's view, Rich should not have included those matters as part of the instant sanctions motion, needlessly adding to its heft, because they have already been addressed.

An overarching problem with Rich's motion is that he does not even attempt to demonstrate how Prime's alleged false responses (or how Prime's alleged failure to conduct an appropriate review prior to responding) adversely impacted his ability to support his remaining negligent retention and fraudulent misrepresentation claims against Prime. In fact, he only made one passing reference in his 16-page brief of any prejudice he experienced from Prime's alleged discovery failures. In pointing out Prime's alleged "patently false representation" that it did not have documents responsive to RFP 4 in which Rich sought his employment records with Prime—such as Prime's employee handbook or non-harassment policy—Rich claimed that not providing these documents deprived him of necessary discovery "to timely move to amend his complaint." Dkt. No. 283 at 3. Prime essentially argues it was substantially justified in not producing these documents because another Defendant did so, and Rich was not its employee. Dkt. No. 295 at 15. But given that sanctions cannot be imposed under Rule 26(g) if the failure to disclose was harmless, Rich provided no details to explain how he was harmed; his conclusory and vague statement is woefully insufficient to show that Prime's allegedly "false" responses caused him any prejudice. *See Vogt*, 2022 WL 3348889, at *2 ("[A] failure to disclose is considered harmless when there is no prejudice to the party entitled to disclosure.") (internal quotation marks omitted).

Moreover, Rich's position has even less force because he acknowledged that Levetated provided the Prime handbook and other employment documents he sought from Prime (the Bates numbers show that the documents were produced by Levetated). *See* Dkt.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 15

No. 283 at 12, 283-2, 283-4, 283-5. The Court assumes that Levetated provided these documents prior to the close of discovery in February 2023 (since the discovery period in 2024 was limited to Prime's and Levetated's affirmative defenses). Thus, Rich actually received the documents he accused Prime of hiding, Dkt. No. 283-at 12, militating against any harm he may have suffered from Prime's non-production. Further, the Court notes that the deadline for amending the complaint, pursuant to the operative Scheduling Order, was October 22, 2022. Dkt. No. 85. But given that Rich did not interpose discovery on any Defendant until December 2022, until after that deadline passed, his argument that not receiving this discovery from Prime prevented him from amending his complaint and thus prejudiced him falls with a thud.

The Court also notes that, in spite of Rich's constant refrain that Prime's alleged discovery abuses were "intentional," its responses were "knowingly withheld," and it made "patently false representation[s]," Dkt. No. 283 at 2, 3, 4, 5, 10, 12, 15, even if the Court were to conclude that Prime's responses were not complete, Rich's characterizations are not sufficient to levy Rule 26(g) sanctions. Rich provides "no evidence of intentional lying" to warrant sanctions under Rule 26(g).[6] *Prominent GmbH v. Prominent Sys., Inc.*, No. 16-cv-1609, 2019 WL 3972819, at *2 (W.D. Pa. Aug. 22, 2019); *see also Langer v. Presbyterian Med. Ctr. of Philadelphia*, No. 87-cv-4000, 1995 WL 395937, at *6 (E.D. Pa. July 3, 1995)

---

[6] In a number of places in his motion, Rich's argument is based on speculation, not facts. *See*, *e.g.,* Dkt. No. 283 at 5 (opining that Shows "would have signed" similar documents that Rich did, so therefore Prime's failure to provide them warranted sanctions); *id*. at 6 (Prime "knew or should have known" that Valdez had seen threatening text messages Shows sent to Rich, warranting sanctions).

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 16

(concluding that evidence to support "accusation" that various interrogatory answers were intentionally false was insufficient to warrant imposition of Rule 26(g) sanctions).

In this same vein, Rich's assertions that Prime's responses to the interrogatories included in his motion were "false" are directed primarily to the merits of the case—"Prime's involvement and control over Shows" as well as Rich. Dkt. No. 283 at 5. Here, Rich repeatedly cites to the Valdez email, Dkt. No. 283-6, arguing that Prime "purposefully withheld" it, and that its text indicated that "Prime was removing [Shows] from the job" and could "terminate" him, and that Valdez "threw Shows off the job." Dkt. No. 283 at 5, 9, 11. But *Prime* produced this email (in supplemental discovery following Rich's successful motion to compel); there is no evidence that Prime "purposefully withheld" it. In addition, Rich's Plaintiff-friendly reading of the email does not prove that Prime's interrogatory answers (that Rich was not a Prime employee) were false. Rich also cites the deposition of Valdez to support his argument that Prime "knew or should have known" about emails that Rich had showed to Valdez in which Shows allegedly threatened Rich. *Id*. at 6. However, Rich did not attach the deposition; he provided a footnote stating he had not yet received the transcript but would provide it when it was available. *Id*. & n.1. It is now a month after Rich filed his motion, briefing is complete, and no transcript has been produced. Without any deposition context, it is impossible for the Court to discern whether Prime even had this information to disclose. And in the final analysis, the question under Rule 26(g) is whether Prime and its counsel made reasonable inquiries and the disclosure was complete and correct at the time it was made. Certification does not require an attorney to verify the

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 17

*truthfulness* of the discovery responses. *See State Farm Mut. Auto. Ins. Co.* 250 F.R.D. at 220 ("Rule 26(g) does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request" and holding that "Rule 26(g) only governs certification, and cannot be the basis for sanctioning an allegedly improper verification."); *see also Stevens v. Sullum*, No. 3:20-CV-01911, 2023 WL 3311850, at *5 (M.D. Pa. May 8, 2023) ("Rule 26(g) does not require perfection and does not impose an unreasonably high burden on litigants. It simply requires that a reasonable inquiry be made into the factual basis of a discovery response and that responses to discovery be complete and correct when made.") (internal quotation marks omitted). When the smoke clears, Rich has not shown that Prime and its counsel violated Rule 26(g).

Finally and oddly, despite proffering a 16-page brief seeking sanctions generally under Rule 26(g) and setting out the heading of the sanctions section that states "Attorney Fees and Costs, Clear Public Admonition, and a Jury Instruction is Warranted," nowhere in the text of the brief does Rich ask for specific sanctions, and why. Dkt. No. 283 at 14-17. "The grant of sanction[s], if any, must be based on a particularized motion that advises the offending party of the form of relief that is requested so that notice and an opportunity to be heard regarding the type of sanctions to be awarded is afforded. On this basis alone, the Court concludes that Plaintiff has not satisfied its burden of showing entitlement to the relief requested." *Stevens*, 2023 WL 3311850, at *5 (internal citation omitted); *see also Vogt*, 2022 WL 3348889, at *2; *Vay v. Huston*, No. 14-cv-769, 2016 WL 1408116, at *5 (W.D. Pa. Apr. 11, 2016). The same result in *Stevens* obtains here.

*Rich v. Witt O'Brien's USVI*
1:19-cv-00022-RAM-EAH
Order
Page 18

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Plaintiff's "Motion for Sanctions Against Prime for Discovery Abuse," Dkt. No. 283, is **DENIED**.

ENTER:

Dated: April 25, 2024

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE